Lonnie Keith LEE, Plaintiff-Appellant,

v.

**WASHINGTON PARISH, STATE OF LOUISIANA, Defendant-Appellee.**

No. 72–3740.

United States Court of Appeals, Fifth Circuit.

April 9, 1973.

Lonnie Keith Lee, pro se.

William Guste, Atty. Gen., Baton Rouge, La., Woodrow W. Erwin, Dist. Atty., Franklinton, La., John N. Gallaspy, Asst. Dist. Atty., Bogalusa, La., for defendant-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

The appellant, who is a prisoner of the State of Louisiana, filed a federal habeas corpus petition in the district court challenging the validity of his conviction for attempted murder. In his petition the appellant conceded that he had not exhausted his remedies within the Louisiana courts, but argued that his attempts to comply with 28 U.S.C. § 2254 had been thwarted. The district court dismissed the action finding that he had an adequate remedy in the form of his direct criminal appeal pending in the Louisiana Supreme Court. The appellant filed a timely notice of appeal from the district court's dismissal order and the case was docketed in this Court. We dismiss the appeal for want of jurisdiction.[1]

Despite his notice of appeal from the district court's adverse ruling, the appellant neither requested nor obtained a certificate of probable cause. Section 2253 of Title 28 of the United States Code unequivocally states that an appeal from the denial of a state prisoner's habeas petition may not be taken unless a certificate of probable cause is granted either by the district court or by this court. See also Rule 22(b), F.R.App.P.; Hooks v. Fourth District Court of Appeal, 5th Cir. 1971, 442 F.2d 1042; Hines v. Pitcher, 5th Cir. 1971, 440 F.2d 792; McFrederick v. Florida, 5th Cir. 1958, 261 F.2d 52.

It would be improper for this Court to make the initial determination of wheth-

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's local Rule 9(c)(2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5th Cir. 1969, 412 F.2d 981.

er a certificate of probable cause should be granted or denied. Stewart v. Beto, 5th Cir. 1971, 454 F.2d 268. This Court has advised the appellant that he should apply for a certificate of probable cause in the district court, but he has failed to follow our instructions. The lack of a certificate of probable cause is jurisdictionally fatal. This appeal is

Dismissed.