Bobby Joe FABIAN, Petitioner-Appellant,

v.

Jack REED, Superintendent of Mississippi State Penitentiary, Respondent-Appellee.

No. 82–4369.

United States Court of Appeals, Fifth Circuit.

May 31, 1983.

Valerie Fontaine, Kenner, La., Sarah Catherine Leary, New Orleans, La., for petitioner-appellant.

William S. Boyd, III, Sp. Asst. Atty. Gen., Jackson, Miss., for respondent-appellee.

Before GEE, RANDALL and TATE, Circuit Judges.

## PER CURIAM:

This is an appeal by a prisoner in state custody, Bobby Joe Fabian, from a dismissal of his petition for federal habeas corpus relief. Since the petitioner has not obtained a certificate of probable cause, the case is remanded to enable the district court to determine whether a certificate should be granted.

After exhausting his state remedies, Fabian filed a pro se petition for habeas relief in the federal district court on November 18, 1981, pursuant to 28 U.S.C. § 2254. The district court adopted the federal magistrate's recommendation to dismiss the petition. Within ten days of the district court's entry of the judgment, Fabian submitted a letter to the district court that contained his objections to the magistrate's request. The court treated the letter as a motion for reconsideration. Fabian subsequently obtained counsel to represent him. The district court denied the motion for reconsideration on August 27, 1982, and Fabian filed a notice of appeal on September 23, 1982.

While Fabian has filed a timely notice of appeal in compliance with Fed.R. App.P. 4(a),[1] he has never filed a request for a certificate of probable cause. This court is without jurisdiction to consider the appeal in the absence of such a certificate, Fed.R.App.P. 22(b); 28 U.S.C. § 2253; *McKibben v. Hopper,* 565 F.2d 1316, 1317 (5th Cir.), *cert. denied,* 439 U.S. 968, 99 S.Ct. 461, 58 L.Ed.2d 428 (1978), and we will not make the initial determination of whether a certificate of probable cause should be granted. *Clements v. Wainwright,* 648 F.2d 979, 980 (5th Cir.1981); *McKibben, supra.*

When a timely notice of appeal has been filed but the district court has not ruled on a request for a certificate of probable cause, this court will dismiss the appeal without prejudice and remand the case to allow the district court to rule on the petitioner's request. *Clements; McKibben.* While the petitioner in this case has never requested a certificate, we conclude that the same action is appropriate here.

The cases in this circuit suggest that an appeal may be dismissed without prejudice, whether or not a petitioner has already requested a certificate of probable cause, as long as his appeal has been timely filed. In *Lee v. Washington Parish,* 476 F.2d 285 (5th Cir.1972), we dismissed the petitioner's appeal, apparently with prejudice, only after he had failed to follow our instructions to apply for a certificate of probable cause from the district court. Deciding to remand the case to the district

---

1. A motion for reconsideration filed within 10 days of entry of the judgment is treated as a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e), which tolls the period for filing a notice of appeal. *Williams v. Bolger,* 633 F.2d 410, 413 (5th Cir.1980); *Hammond v. Public Finance Corp.,* 568 F.2d 1362, 1363 (5th Cir.1978). The district court dismissed Fabian's petition on June 3, 1982, and Fabian submitted his letter on June 7, 1982. Since his notice of appeal was filed within 30 days of the denial of his motion for reconsideration, it was timely filed under Fed.R.App.P. 4(a)(4).

court in *Clements, supra,* we noted that the proposition that the certificate of probable cause "must be *sought* before or simultaneously with a notice of appeal" had already been rejected by this court, 648 F.2d at 980 (citing *Klier v. Wainwright,* 464 F.2d 1245 (5th Cir.1972), *cert. denied,* 409 U.S. 1129, 93 S.Ct. 945, 35 L.Ed.2d 262 (1973)) (emphasis added), on the basis of the "discretion vested in the appellate court by Fed.R.App.P. 3(a), [and] the failure of the Rules of Appellate Procedure to set out a time limit within which a certificate of probable cause must be obtained." *Id.* That earlier decision relied on a Third Circuit opinion that made no distinction between a case where a certificate has been requested but not yet obtained and a case where there has been no request for a certificate. *Klier,* 464 F.2d at 1248 (quoting *Fitzsimmons v. Yeager,* 391 F.2d 849, 853 (3rd Cir.), *cert. denied,* 393 U.S. 868, 89 S.Ct. 154, 21 L.Ed.2d 137 (1968)). Rule 3(a) explicitly provides that the validity of an appeal is not affected by any step other than the timely filing of a notice of appeal.[2]

Pursuant to our discretion as described in Fed.R.App.P. 3(a), we do not deem it appropriate to dismiss Fabian's appeal with prejudice. Therefore, we retain jurisdiction and remand to allow the petitioner to apply for a certificate of probable cause. *See Clements,* 648 F.2d at 981 n. 2. If the district court has not granted the certificate by August 1, 1983, we will assume that the petitioner's request has been denied. We will then treat the petitioner's notice of appeal as a request for a certificate of probable cause pursuant to Fed.R.App.P. 22(b), and proceed accordingly.

REMANDED WITH INSTRUCTIONS.

---

2. Fed.R.App.P. 3(a) provides in pertinent part: "Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal."