**Bobby Joe FABIAN, Petitioner-Appellant,**

v.

**Jack REED, Superintendent of Mississippi State Penitentiary, Respondent-Appellee.**

No. 82–4369

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Sept. 9, 1983.

---

Valerie Fontaine, Kenner, La., Catherine Leary, New Orleans, La., for petitioner-appellant.

William S. Boyd, III, Sp. Asst. Atty. Gen., Jackson, Miss., for respondent-appellee.

Before REAVLEY, RANDALL and WILLIAMS, Circuit Judges.

PER CURIAM:

This is the second time this state prisoner's habeas corpus case has come before this court. In *Fabian v. Reed (Fabian I)*, 707 F.2d 147 (5th Cir.1983), we remanded the case to the district court for it to determine whether a certificate of probable cause should be granted. We stated then that "[i]f the district court ha[d] not granted the certificate by August 1, 1983, we ... [would] then treat the petitioner's notice of appeal as a request for a certificate of probable cause pursuant to Fed.R.App.P. 22(b)...." *Id.* at 149. The district court has denied the certificate, so we now consider whether we should grant it.

A certificate of probable cause is necessary before this court can hear Fabian's appeal. Fed.R.App.P. 22(b); 28 U.S.C. § 2253 (1976); *Fabian I*, 707 F.2d at 148. The Supreme Court has recently set forth the standard for granting a certificate: "[A] certificate of probable cause requires petitioner to make a 'substantial showing of the denial of [a] federal right.'" *Barefoot v. Estelle*, —— U.S. ——, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983) (quoting *Stewart v. Beto*, 454 F.2d 268, 270 n. 2 (5th Cir.1971), *cert. denied,* 406 U.S. 925, 92 S.Ct. 1796, 32 L.Ed.2d 126 (1972)). The Court further explained that, to satisfy this standard, "the petitioner need not show that he should prevail on the merits.... Rather, he must demonstrate that the issues are debatable among jurists of reason ...." *Id.* at n. 4 (quoting *Gordon v. Willis*, 516 F.Supp. 911, 913 (N.D.Ga.1980)). The petitioner, however, must demonstrate "something more than the absence of frivolity...." *Id.* at 3394 (quoting Blackmun, *Allowance of In Forma Pauperis Appeals in § 2255 and Habeas Corpus Cases,* 43 F.R.D. 343, 352 (8th Cir.1967)). We do not believe that Fabian has met this standard.

In 1971, while serving a life sentence in Louisiana for aggravated kidnapping, Fabian was taken to Mississippi to be tried for murder. The Mississippi judge found that he had no jurisdiction to hear the case. Mississippi retained custody of Fabian during its successful appeal of that decision, and in the meantime prosecuted him for an apparently unrelated armed robbery, for which he was given a thirty-year sentence. Fabian was then convicted of the murder

and sentenced to death; on appeal, the death sentence was set aside and he was resentenced to life imprisonment. Slightly more than ten months after his resentencing, Mississippi returned him to the custody of Louisiana; Mississippi lodged a detainer against him within one week of his return.

Fabian's sole contention is that Mississippi's returning him to Louisiana demonstrated such a lack of interest in having him serve his Mississippi sentences that any requirement that he serve them will violate his due process rights under the fourteenth amendment. He relies heavily on *Shields v. Beto,* 370 F.2d 1003 (5th Cir.1967).

*Shields,* however, is totally distinguishable. After Shields had served one year of a forty-year sentence, Texas gave him a sixty-day "furlough." Shields used the furlough to start serving a Louisiana sentence. He stayed in the Louisiana penitentiary for ten years, but Texas never placed a detainer on him. Shields then served four years on parole in Louisiana and was at large for twelve more years before he was arrested for a federal offense. After two years in federal prison, Shields was sent to Texas to serve his remaining thirty-nine years. This court held that Texas' twenty-eight year lapse of interest in Shields "was equivalent to a pardon or commutation of his sentence...." *Shields,* 370 F.2d at 1006.

Fabian's case, however, is controlled by our later decision in *Piper v. Estelle,* 485 F.2d 245 (5th Cir.1973). While on parole from a 1961 Texas conviction, Piper was convicted of federal and Texas felonies. Texas, which had revoked Piper's parole upon his arrest, released him to federal custody to serve his federal sentence first. Texas filed a detainer against him approximately twenty-two months after it had surrendered him. Piper claimed that, under *Shields,* Texas had commuted the sentence on his 1961 conviction.

The *Piper* court held that, to satisfy *Shields,*

> it is not sufficient to prove official conduct that merely evidences a lack of eager pursuit or even arguable lack of interest. Rather the waiving state's action

must be so affirmatively wrong or its inaction so grossly negligent that it would be unequivocally inconsistent with "fundamental principles of liberty and justice" to require a legal sentence to be served in the aftermath of such action or inaction.

*Piper,* 485 F.2d at 246. The court characterized Piper's argument that Texas' lack of interest in him rose to the level of that in *Shields* as "ridiculous," and specifically rejected any claim based on the delay in filing the detainer, stating that it was sufficient that the detainer had been filed before Piper was released from federal custody. *Id.* Piper, like Fabian, argued that *Shields* required commutation whenever one sovereign surrendered to another a prisoner who was serving a sentence of the first sovereign. The Fifth Circuit replied that, "[e]ven assuming such [an argument] would somehow raise issues of constitutional dimensions," *Shields* had established no per se rule and Piper had demonstrated no due process violation. *Id.* at 247.

Fabian's claim is much weaker than Piper's. Mississippi filed a detainer on him within one week of his return to Louisiana. Fabian claims that, under *Shields,* "[a] prisoner cannot be required to serve his sentence in installments." *Shields,* 370 F.2d at 1006. This dictum in *Shields* was clearly limited by *Piper,* since Piper was forced to serve the remainder of his sentence on the 1961 conviction after he had completed his federal sentence. While a continual shuttling back and forth between two sovereigns might, in some circumstances, violate due process, the simple bifurcation that occurred here does not. *See Piper, supra.*

Because Fabian's claim is so clearly foreclosed by *Piper,* he has not made a substantial showing of the denial of a federal right. We accordingly deny his request for a certificate of probable cause and dismiss his appeal for lack of jurisdiction. Fed.R. App.P. 22(b); 28 U.S.C. § 2253; *Fabian I,* 707 F.2d at 148.

CERTIFICATE DENIED AND APPEAL DISMISSED.