**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Orbin HARRIS, Defendant–Appellant.**

**No. 87–1354.**

United States Court of Appeals,
Seventh Circuit.

Submitted July 8, 1987.

Decided Oct. 16, 1987.

Robert Kuhnmuench, Milwaukee, Wis., for defendant-appellant.

Joseph P. Stadtmueller, U.S. Atty., Milwaukee, Wis., Elsa C. Lamelas, Matthew L. Jacobs, James L. Santelle, Asst. U.S. Atty., for plaintiff-appellee.

Before WOOD, CUDAHY, and COFFEY, Circuit Judges.

PER CURIAM.

The Double Jeopardy Clause of the Constitution provides, "... nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb...." U.S. Const., amend. 5. Orbin Harris was charged with and pleaded guilty to violations of 18 U.S.C. § 2113(d), committing an armed robbery of a savings and loan institution, and 18 U.S.C. § 924(c), using a firearm to commit a federal felony. Harris moved to have the firearm count of his indictment, Count 2, dismissed, arguing that in light of the charge of armed robbery, the charge of using a firearm to commit a felony was "multiplicitous" and, hence, a violation of the Double Jeopardy Clause's proscription against multiple punishments for the same offense. The district court denied Harris' motion. The question presented on appeal is one of first impression in this circuit. We affirm.

I.

The facts of this case may be stated briefly. On November 18, 1986, a federal grand jury returned a superceding indictment against Orbin Harris. Count 1 charged Harris with the October 17, 1986 armed robbery of a savings and loan institution, in violation of 18 U.S.C. § 2113(d), while Count 2 charged Harris with using a firearm during the commission of a federal felony, in violation of 18 U.S.C. § 924(c). The underlying offense in Count 2 of the indictment was the bank robbery charged in Count 1. Harris moved to dismiss Count 2 of the indictment on various grounds, only one of which, the Constitution's prohibition against double jeopardy, serves as the basis for this appeal. Pursuant to 28 U.S.C. § 636(b)(1)(B), Harris' motion was referred to a magistrate who recommended that it be denied. Harris filed timely objections to the magistrate's recommendation but, on December 31, 1986, after conducting a *de novo* review of the motion, the district court adopted the magistrate's recommendation and denied Harris' motion to dismiss Count 2. As a result, on February 6, 1987, Harris pleaded guilty to both Counts 1 and 2[1] and was sentenced, *inter alia*, to serve consecutive sentences of seven years on Count 1 and five years on Count 2.

II.

On appeal, Harris asserts that his indictment offends the Double Jeopardy Clause of the federal Constitution because each count of the indictment charges him with the "same offense."[2] Harris relies chiefly on *Simpson v. United States*, 435 U.S. 6,

---

1. By pleading guilty, Harris did not waive his right to raise a double jeopardy defense in this court. *See Hoffer v. Morrow,* 797 F.2d 348, 350 (7th Cir.1986).

2. The Supreme Court, in *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969), held that the Double Jeopar-

98 S.Ct. 909, 55 L.Ed.2d 70 (1978), in which the Supreme Court held that Congress did not intend to authorize, in the case of a bank robbery committed with a firearm, the already enhanced penalty prescribed in 18 U.S.C. § 2113(d)[3] as well as the additional consecutive penalty prescribed under what was then 18 U.S.C. § 924(c).[4] The Court in *Simpson*, however, expressly declined to reach the constitutional issue of whether cumulative punishments for violations of §§ 2113(d) and 924(c) were constitutionally permissible and instead concluded that the legislative history of the statutes demonstrated that Congress did not intend to authorize the imposition of the additional penalty of § 924(c) for commission of a bank robbery with a firearm, an offense already subject to enhanced punishment under § 2113(d). *Id.* at 11–13.

Since the Supreme Court's 1978 *Simpson* decision, Congress has amended § 924(c) in the Comprehensive Crime Control Act of 1984. The amendment altered § 924(c) to provide in relevant part:

> Whoever, during and in relation to any crime of violence or drug trafficking crime, *including a crime of violence or drug trafficking crime, which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device, for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime,* be sentenced to imprisonment for five years, and if the firearm is a machinegun, or is equipped with a firearm silencer or firearm muffler, to imprisonment for ten years ... (emphasis added).

On its face, § 924(c) clearly indicates that a conviction and sentence under § 924(c) is authorized even when, as here, the underlying offense, § 2113(d), already contains an enhancement provision of its own. Thus, application of the *Simpson* analysis to § 924(c), as amended, can yield but one conclusion—that Congress specifically did intend to authorize an additional penalty for use of a firearm in the commission of the already enhanced charge of armed robbery of a savings and loan institution. We

---

dy Clause "protects against multiple prosecutions for the same offense."

**3.** Title 18 U.S.C. § 2113(d) must be read in conjunction with 18 U.S.C. § 2113(a), together these provisions provide:

(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or

Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny—

Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

\* \* \* \* \* \*

(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both.

**4.** As is discussed, *infra,* although 18 U.S.C. § 924(c) was amended in crucial respects subsequent to the *Simpson* decision, at the time *Simpson* was decided § 924(c) stated:

(c) Whoever—

(1) uses a firearm to commit any felony for which he may be prosecuted in a court of the United States, or

(2) carries a firearm unlawfully during the commission of any felony for which he may be prosecuted in a court of the United States, shall, in addition to the punishment provided for the commission of such felony, be sentenced to a term of imprisonment for not less than one year nor more than ten years ... [N]otwithstanding any other provision of law, the court shall not suspend the sentence in the case of a second or subsequent conviction of such person or give him a probationary sentence, nor shall the term of imprisonment imposed under this subsection run concurrently with any term of imprisonment imposed for the commission of such felony.

proceed to the question of whether punishment for a violation of *both* §§ 924(c) and 2113(d) is prohibited by the Double Jeopardy Clause of the Constitution. Recent Supreme Court precedent is dispositive of this question.

In *Missouri v. Hunter,* 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983), the Supreme Court held unequivocally that where, as here, Congress "specially authoriz[es]" cumulative punishments for even the same offense, the Double Jeopardy Clause is not offended. *Id.* at 367, 103 S.Ct. at 679 (citing *Whalen v. United States,* 445 U.S. 684, 693, 100 S.Ct. 1432, 1438, 63 L.Ed.2d 715 (1980)). More specifically, the Court in *Hunter* held that with respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause "does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." 459 U.S. at 366, 103 S.Ct. at 678. Our earlier discussion of the 1984 amendment to § 924(c) establishes the clear intent of Congress to authorize cumulative punishments for those who violate § 2113(d) while possessing a firearm. Because § 924(c) satisfies the litmus test of legislative intent articulated in *Missouri v. Hunter,* the consecutive sentences imposed on Harris do not offend the Double Jeopardy Clause.

As we noted, the question presented by this case is one of first impression in this circuit; however, our holding is in agreement with the decisions of the Eighth Circuit in *United States v. Doffin,* 791 F.2d 118 (8th Cir.) (per curiam), *cert. denied,* —— U.S. ——, 107 S.Ct. 210, 93 L.Ed.2d 140 (1986), and the Ninth Circuit in *United States v. Gonzalez,* 800 F.2d 895 (9th Cir. 1986), and *United States v. Blocker,* 802 F.2d 1102 (9th Cir.1986), which have previously held that the Double Jeopardy Clause does not prohibit convictions and sentences under both §§ 924(c) and 2113(d). Accordingly, the decision of the district court denying Harris' motion to dismiss Count 2 of the indictment is

AFFIRMED.