835 F.2d 880
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Earl E. WARD; Kim G. Harris; Gregory K. Jackson; Mark D.
Greenman, d/b/a Harris, Ward, Jackson & Greenman,
Plaintiffs-Appellants,
v.
TRAVELERS INSURANCE COMPANY, Defendant-Appellee.
 No. 86-1694.
 United States Court of Appeals, Sixth Circuit.
 Dec. 7, 1987.
 
 Before NATHANIEL R. JONES, RALPH B. GUY, Jr., and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiffs appeal from the denial of a motion to reconsider the granting of a summary judgment against them in an indemnification case. Plaintiffs are a professional legal corporation and the individual shareholders thereof. One of plaintiffs' former employees (McLean) brought a sexual harassment suit against these plaintiffs in state court under the Michigan Elliott-Larsen Civil Rights Act. Mich.Comp.Laws Ann. Sec. 37.2101, et seq. (West 1985). The complaint also contained a common law count for intentional infliction of emotional distress. A jury trial resulted and the jury found no cause of action with regard to the Elliott-Larsen claims but returned a judgment of $11,000 on the claim of intentional infliction of emotional distress.
 
 
 2
 Plaintiffs carried a policy of general liability insurance with defendant, Travelers. Upon being notified of the civil rights litigation, Travelers refused to defend, claiming no coverage under the policy. After the judgment was rendered against these plaintiffs in state court they instituted this action for indemnification seeking the "costs, attorney fees and payments by plaintiffs which allegedly should have been made by Travelers."
 
 
 3
 Travelers removed the indemnification action from state to federal court and both sides filed motions for summary judgment on the issue of policy coverage and the duty to defend. The district court concluded there was no coverage under the policy and granted Travelers a summary judgment. We agree with the trial court's decision and affirm, although on grounds different than those relied on by the trial court.
 
 I.
 
 4
 In Travelers' summary judgment motion filed in the district court four grounds were urged in support of its claim that the policy offered no coverage to the plaintiffs under these circumstances. Travelers claimed that the allegations of the complaint upon which judgment was rendered in state court did not involve "bodily injury" or an "occurrence" as defined by the contract of insurance. Travelers also argued that the policy language excluded employee injuries and that the insurance contract was breached by the insured plaintiffs' failure to give timely and reasonable notice of the claim and ensuing law suit.
 
 
 5
 The district court, after reviewing briefs and holding a hearing, granted summary judgment based on the first three grounds referenced above. The oral bench opinion did not allude to the timely notice argument.
 
 II.
 
 6
 Although we do not necessarily disagree with Judge Gilmore's interpretation of the policy language, we prefer to affirm on the basis of the notice argument not referenced in the opinion below. We have two primary reasons for taking this course. First, as will be discussed more fully, we believe the notice requirements of the policy were not complied with to the prejudice of Travelers and that this entitles it to summary judgment. Second, and of equal importance, the rather common and typical insurance contract language involved here has not been interpreted by the Michigan Supreme Court in the context of an Elliott-Larsen claim of this nature. Since Elliott-Larsen suits are very common in Michigan courts, there is little doubt that this issue will rise again soon. Under such circumstances we find it more appropriate for the Michigan courts to resolve this type of coverage question in the first instance.
 
 III.
 
 7
 Before considering the substance of the notice issue, we first consider plaintiffs' argument that this issue is not properly before us because the issue was not addressed in the court's opinion below.
 
 
 8
 We first note that the notice issue was set forth in Travelers' motion for summary judgment and briefed. The plaintiffs, in their brief, responded to this argument. Travelers also relied on this argument at the hearing and in fact made it the first issue it addressed. Plaintiffs responded to the argument at the hearing. Both parties have also addressed the substance of this issue in their briefs on appeal.
 
 
 9
 In claiming that the issue is not properly before us, plaintiffs rely on Singleton v. Wulff, 428 U.S. 106, 120 (1976) where the court stated "that a federal appellate court does not consider an issue not passed on below." The reliance is misplaced. In Singleton the Supreme Court was dealing with a situation where a standing issue alone had been appealed, but the appellate court nonetheless resolved the case on the merits which the parties had never addressed in the trial court. Such is not the situation here. Also this circuit has dealt specifically with this issue in earlier cases. Herm v. Stafford, 663 F.2d 669, 684 (6th Cir.1981), for example, holds that:
 
 
 10
 Although we have found that summary judgment based on the statute of limitations was not proper except for claims under the controlling person provisions in Section 15 of the 1933 Act, 15 U.S.C. Sec. 77o, our inquiry is not at an end. An appellate court can find an alternative basis for concluding that a party is entitled to summary judgment and ignore any erroneous basis relied upon by the district court, provided it proceeds carefully so the opposing party is not denied an opportunity to respond to the new theory.[21] A defendant may raise an alternative theory without cross-appealing.
 
 
 11
 (citations omitted).
 
 
 12
 Since plaintiffs below and at this level have fully litigated the notice issue, it is appropriate for us to address this issue on appeal.
 
 IV.
 
 13
 Ann McLean was the office manager and a legal secretary for plaintiffs' law firm. In 1983, McLean was demoted from office manager to secretary. On October 25, 1983, she filed the forementioned state court sexual harassment suit against the plaintiffs' law firm. Approximately one week after service of the complaint on the law firm, McLean was discharged and she subsequently amended her complaint adding a retaliation claim and also adding the individual members of the law firm as defendants.
 
 
 14
 Although the policy at issue here was in effect between the parties, the plaintiffs made no effort to notify Travelers of the claim or the lawsuit. Instead the plaintiffs hired attorney Steven Adams to represent them. When the amended complaint was filed the plaintiffs changed attorneys, still without notifying Travelers, and hired John Brady, an attorney specializing in employment discrimination cases. Discovery and other pre-trial preparation was undertaken and the plaintiffs were given a February 25, 1985, trial date. On January 8, 1985, a year and four months after the original suit was filed, Travelers was notified for the first time. Travelers denied coverage and also declined to accpet the defense of the McLean lawsuit. The McLean lawsuit went to trial as scheduled and after the jury verdict in favor of McLean, this lawsuit was started on March 21, 1985, against Travelers.
 
 
 15
 The insurance policy entered into by the parties provided that:
 
 
 16
 13. Named Insured's or Insured's Duties in the Event of Loss or an Occurrence of Suit which may Give Rise to Claim
 
 
 17
 b. Sections II and III
 
 
 18
 (1) All Coverages
 
 
 19
 (a) The Insured or someone on his behalf shall give written notice to The Travelers or its authorized representative as soon as practicable, including in the notice particulars sufficient to identify the Insured and also reasonably obtainable information respecting the time, place and circumstances of the occurrence, the names and addresses of the injured and of available witnesses.
 
 
 20
 (b) The Insured shall immediately forward to The Travelers every demand, notice, summons, or other process received by him or his representative, if claim is made or suit is brought against the Insured.
 
 
 21
 Although plaintiffs concede these provisions were not complied with, they argue that the Michigan case law is to the effect that mere delay in giving notice will not in and of itself result in a forfeiture of coverage and that the insured must be prejudiced by the delay. Wendel v. Swanberg, 384 Mich. 468, 478, 185 N.W.2d 348 (1971). In order for Travelers to prevail on the notice issue it is necessary that we find prejudice as a matter of law since the burden is on the insurer to demonstrate prejudice. Although a fair reading of the Michigan case law in this area clearly indicates that the Michigan courts are not quick to find prejudice in these insurance notice cases, we believe that the unique facts of this case justify such a finding here.
 
 
 22
 Initially, we note that the insureds are sophisticated and being lawyers are trained to read and understand policy provisions such as the ones involved here. It is apparent that the failure to give prompt notice to Travelers was not an oversight but grew out of a combination of not taking the lawsuit seriously and not feeling that there was any coverage under the policy. The latter judgment is certainly buttressed by the fact that the district court below not only found no coverage under the policy but held against plaintiffs on each and every contention they made in support of there being coverage.
 
 
 23
 Second, this case is unusual in that the only judgment rendered against plaintiffs resulted from actions they took after being served with the complaint. Their decision to fire McLean after she sued them turned out to be improvident but significantly was a decision into which Travelers was denied any input since they had no notice.
 
 
 24
 Third, this type of case is one in which early settlement is always a significant consideration. There are no physical injuries and a plaintiff with marketable skills such as McLean who files suit as quickly as was done here has problems with showing much in the way of economic damages. It is likely this case could have been resolved by Travelers early on for sums less than now claimed as expenses of defense.
 
 
 25
 Fourth, this case had progressed to the point where trial was imminent. For example, the mandatory mediation procedures had already been completed before Travelers was notified. Although plaintiffs argue that much of the significant discovery was done at the last minute, this may be more of a comment on the quality of preparation rather than the lack of prejudice to the insurer.
 
 
 26
 Fifth, although plaintiffs argue that Travelers could have sought an adjournment of the trial, they concede that one might not have been granted. It is noteworthy that the trial did, in fact, proceed on the date set originally by the trial judge.
 
 
 27
 Last, there are really no equities in favor of plaintiffs here. Coverage was an afterthought on the part of a group of lawyers. We fully subscribe to the proposition that one pays premiums to get coverage and that insurers should not escape their contractual responsibilities by reliance on technicalities when they have not been prejudiced. On the other hand, fair is fair, and when dealing with cases in volatile areas of the law such as discrimination and sexual harassment, an insurer should have a reasonable opportunity early on to map strategy and pursue a resolution of the dispute short of judgment.
 
 AFFIRMED.[1]
 
 
 [21]
 In this case, the reply brief addressed the alternative theory. Moreover, the theory had been presented to the court below in the motion for summary judgment. The court did not reach it because of its disposition of the case on the statute of limitations issue
 
 
 [1]
 We note another serious problem with plaintiffs' position relative to this appeal. This is an appeal from the denial of a motion to reconsider the grant of a summary judgment. That is not the same as an appeal of the summary judgment itself which appeal right was lost by the failure to file a timely notice of appeal
 There is nothing in the Federal Rules of Civil Procedure formally denominated a "motion to reconsider" and these motions are treated as Rule 59 motions to alter or amend a judgment. Fabian v. Reed, 707 F.2d 147 (5th Cir.1983). Rule 17(k) of the Local Rules for the United States Court for the Eastern District of Michigan is consistent with this in that it addresses motions to alter or amend a judgment or for rehearing or reconsideration. Local Rule 17(k), like Fed.R.Civ.P. 59, sets a ten-day day time limit for the filing of such motions. More importantly, this ten-day time limit is jurisdictional and may not be altered, waived or amended. McCarthy v. Manson, 554 F.Supp. 1275 (D.C.Conn.1982), aff'd, 714 F.2d 234 (2d Cir.1983). Although plaintiffs sought to file a "delayed" motion here, such motions are not allowed. Sutliff, Inc. v. Donovan Companies, 727 F.2d 648 (7th Cir.1984). They are not only not allowed as a result of judicial decision but are specifically prohibited by Fed.R.Civ.P. 6(b) which forbids the enlargement of time to file a rule 59(e) motion. Local Rule 17(k) can only be interpreted as consistent with this, for to hold otherwise would put it in conflict with the Federal Rules of Civil Procedure and the inconsistency would render it void pursuant to the provision of Fed.R.Civ.P. 83.
 Although this may seem harsh, the reasoning behind it is very logical. A timely filed Rule 59 motion tolls the running of the clock for filing an appeal--a time limit which itself is jurisdictional. If one could indefinitely toll the appeal time by the filing of delayed motions for reconsideration, one could accomplish indirectly what the rules specifically prohibit. Since this issue has jurisdictional implications, it matters not that it was not argued by the parties or addressed below. We thus hold as an alternate ground for denying relief to plaintiffs that their appeal is not properly before us. But see Thompson v. Immigration and Naturalization Service, 375 U.S. 384 (1964).
 Furthermore, even if the motion for reconsideration had been timely filed, our review of the trial court's denial would be under the abuse of discretion standard. We could not say that Judge Gilmore abused his discretion here.