918 F.2d 958
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clarence David KARNES, Defendant-Appellant.
 No. 90-5556.
 United States Court of Appeals, Sixth Circuit.
 Nov. 21, 1990.
 
 Before KRUPANSKY, RALPH B. GUY, Jr. and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Clarence David Karnes, a federal prisoner, appeals the district court's order denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Pursuant to a plea agreement, Karnes pled guilty to one count of placing lives in jeopardy in the process of robbing an FSLIC insured bank, in violation of 18 U.S.C. Sec. 2113(d), and one count of using a firearm in the commission of a felony, in violation of 18 U.S.C. Sec. 924(c)(1). He received consecutive sentences of twenty-four and sixty months, respectively. Thereafter, Karnes filed his Sec. 2255 motion asserting that he should not have received an additional sentence under 18 U.S.C. Sec. 924(c) for using or carrying a firearm during the commission of the bank robbery, because the bank robbery statute, 18 U.S.C. Sec. 2113(d), and the applicable sentencing guidelines, see U.S.S.G. Sec. 2B3.1, include a specific enhancement for the use of a dangerous weapon. Following a review of the record, the district court denied Karnes's Sec. 2255 motion. Karnes has filed a timely appeal.
 
 
 3
 Upon review, we shall affirm the district court's judgment because Karnes's assertions of error are meritless. The imposition of consecutive sentences for violations of 18 U.S.C. Sec. 2113(d) and 18 U.S.C. Sec. 924(c)(1) does not violate the double jeopardy provision of the Federal Constitution. See United States v. Harris, 832 F.2d 88, 90-91 (7th Cir.1987) (per curiam); United States v. Browne, 829 F.2d 760, 766-67 (9th Cir.1987), cert. denied, 485 U.S. 991 (1988). Accord United States v. Shavers, 820 F.2d 1375, 1377-78 (4th Cir.1987); United States v. Ricks, 817 F.2d 692, 698-99 (11th Cir.1987); United States v. Doffin, 791 F.2d 118, 120-21 (8th Cir.) (per curiam), cert. denied, 479 U.S. 861 (1986). Further, a review of the record convinces us that the district court properly applied the applicable sentencing guidelines. See U.S.S.G. Secs. 2B3.1, 2K2.4.
 
 
 4
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.