56 F.3d 65
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 John Robert STEVENS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-5953.
 United States Court of Appeals, Sixth Circuit.
 May 30, 1995.
 
 1
 Before: SILER and DAUGHTREY, Circuit Judges, and ZATKOFF, District Judge.*
 
 ORDER
 
 2
 John Robert Stevens, a pro se federal prisoner, appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 In April 1993, Stevens pleaded guilty to bank robbery and carrying a firearm in violation of 18 U.S.C. Sec. 2113(a) and (d) and 18 U.S.C. Sec. 924(c), and was sentenced to 97 months of imprisonment. In exchange for Stevens's guilty plea, the government dismissed the remaining counts of the indictment. A panel of this court dismissed Stevens's appeal as untimely. United States v. Stevens, Case No. 93-6098 (6th Cir. Oct. 18, 1993).
 
 
 4
 In his motion to vacate sentence, Stevens argued that: 1) the government denied him the assistance of counsel; 2) his convictions under 18 U.S.C. Sec. 2113 and 18 U.S.C. Sec. 924(c) violate the Double Jeopardy Clause; 3) the United States lacked jurisdiction to prosecute him; 4) the district court improperly sentenced him; and 5) counsel rendered ineffective assistance.
 
 
 5
 Upon review, the district court denied the motion as without merit. Stevens has filed a timely appeal, as well as a motion to proceed in forma pauperis. Stevens also moves for the appointment of counsel and for transcripts at the government's expense.
 
 
 6
 Upon review, we conclude that the district court properly denied the motion to vacate. In order to obtain relief under Sec. 2255 on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 113 S. Ct. 1710, 1722 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir. 1994). In order to obtain relief on the basis of nonconstitutional error, the record must reflect a fundamental defect in the proceedings resulting in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. See Reed v. Farley, 114 S. Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.), cert. denied, 113 S. Ct. 2424 (1993). Technical violations of the Federal Rules of Criminal Procedure and the federal sentencing guidelines will not warrant relief. See United States v. Timmreck, 441 U.S. 780, 783-84 (1979) (technical violation of Fed. R. Crim. P. 11); Scott v. United States, 997 F.2d 340, 342-43 (7th Cir. 1993) (technical violation of sentencing guidelines).
 
 
 7
 Stevens is barred from seeking relief on his claims enumerated 1 through 4. These claims could have been but were not raised on direct appeal. Under these circumstances, in order to obtain review, Stevens must demonstrate cause and prejudice to excuse his failure to raise his claims on appeal. See United States v. Frady, 456 U.S. 152, 167-68 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir. 1993). Stevens alleged that counsel did not file a timely notice of appeal from his convictions. While this allegation may establish cause, it does not demonstrate prejudice. Moreover, it is clear that Stevens can show no prejudice as his claims are without merit for the following reasons. (It is noted that this cause and prejudice analysis does not apply to Stevens's ineffective assistance of counsel claim, as that claim was not cognizable on direct appeal. See United States v. Goodlett, 3 F.3d 976, 980 (6th Cir. 1993)).
 
 
 8
 The record does not reflect that the government violated Stevens's Sixth Amendment right to counsel because nothing in the record indicates that Stevens had been charged with any specific offense at the time of the questioning. See Moran v. Burbine, 475 U.S. 412, 430-31 (1986); United States v. Gouveia, 467 U.S. 180, 188 (1984). Moreover, in light of Stevens's guilty plea, any violation constitutes harmless error. See Melchior v. Jago, 723 F.2d 486, 493 (6th Cir. 1983), cert. denied, 466 U.S. 952 (1984). Stevens did not receive multiple punishments in violation of the Double Jeopardy Clause, see Brown v. Ohio, 432 U.S. 161, 165 (1977) (citing North Carolina v. Pearce, 395 U.S. 711, 717 (1969)), because a defendant may be sentenced under 18 U.S.C. Sec. 2113 for use of a dangerous weapon during a bank robbery which may then be enhanced under 18 U.S.C. Sec. 924(c). See United States v. Harris, 832 F.2d 88, 90-91 (7th Cir. 1987) (per curiam); United States v. Shavers, 820 F.2d 1375, 1377-78 (4th Cir. 1987). Stevens's claim that the United States lacked jurisdiction to prosecute him is without merit as the indictment sufficiently indicated that the bank Stevens robbed was a federally insured bank and that Stevens had violated 18 U.S.C. Sec. 924(c). See United States v. Sitton, 968 F.2d 947, 953 (9th Cir.), cert. denied, 113 S. Ct. 478 (1992) and 113 S. Ct. 1306 (1993). Stevens's sentencing guidelines claim is without merit because he has simply misinterpreted Sec. 2B3.1(b)(1), as there is no requirement that the theft exceed $10,000 before the sentencing court may increase the defendant's offense level by two points. USSG Sec. 2B3.1(b)(1). Finally, Stevens's claim of ineffective assistance of counsel is without merit because the underlying claims are unsubstantial. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 9
 Accordingly, we hereby deny the appointment of counsel and the motion for transcript, grant Stevens pauper status for the limited purpose of this review, and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation