72 F.3d 132
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Govan M. McABEE, also known as Carlos G. Williams,
Defendant-Appellant.
 No. 95-2154.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 11, 1995.
Decided Dec. 13, 1995.
 
 Before FLAUM, MANION and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Govan McAbee's appointed appellate counsel has filed a motion to withdraw on the grounds that he could find no non-frivolous arguments to pursue on appeal. Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985). Pursuant to Circuit Rule 51(a), McAbee was informed of his right to respond. He did not. We will grant the motion to withdraw only if we are convinced that the possible issues for appeal are "groundless in light of legal principles and decisions." United States v. Eggen, 984 F.2d 848, 850 (7th Cir.1995). Since our independent examination of the record has found no non-frivolous issues to pursue on appeal, counsel's motion to withdraw is granted and this appeal is dismissed as frivolous.
 
 
 2
 On August 2, 1993, McAbee robbed the First Federal Savings Bank in Rockford, Illinois of $54,743. As he exited the bank, he spotted a police van and, after discovering that he was locked out of the bank, turned and fired at the police officers while attempting to escape by running across the shopping mall parking lot. He fired two to four times, and the officers returned fire with around 60 rounds. McAbee finally fell with three bullet wounds in his right leg. Before he entered his guilty plea in the federal district court in this case, he was convicted and sentenced pursuant to 18 U.S.C. Sec. 2113(a), (d) (armed bank robbery) and 18 U.S.C. Sec. 924(c) (using or carrying a firearm during a crime of violence) in a federal district court in Indiana for a prior armed bank robbery.
 
 
 3
 McAbee pleaded guilty to one count of armed bank robbery, 18 U.S.C. Sec. 2113(a), (d), and one count of unlawful use of a firearm in relation to a crime of violence, 18 U.S.C. Sec. 924(c), for the Illinois robbery. For the first count, he was sentenced to 50 months in prison, 16 months of which to be served concurrently with the remaining Indiana armed bank robbery sentence, but not with the sentence for the Indiana Sec. 924(c) conviction. For the second count, he received the 20 year consecutive sentence mandated by the statute due to the Indiana Sec. 924(c) conviction. Although he had not been convicted or sentenced for the first robbery until after committing the second robbery, enhancement based on the Indiana Sec. 924(c) conviction was clearly appropriate. See Deal v. United States, 113 S.Ct. 1993, 1997-98 (1993) (enhancement for second and subsequent convictions applied to counts charged in same proceeding as first Sec. 924(c) offense). The district court also imposed five years of supervised release, fined McAbee $1,000, and ordered him to pay a total of $2,376.09 in restitution.
 
 
 4
 With two exceptions, the district court complied with Federal Rule of Criminal Procedure 11(c). Before accepting plea, the district court informed McAbee, who had the assistance of counsel, that any statements made under oath could be used against him in prosecution for perjury or false statement. Fed.R.Crim.P. 11(c)(5). Statements by the district court and the prosecution adequately informed McAbee of the nature of the charges, including the requirement that the financial institution be federally insured, and established a factual basis for the charges. Fed.R.Crim.P. 11(c)(1), (f); see United States v. LeDonne, 21 F.3d 1418, 1424 (7th Cir.) (finding sufficient compliance with Rule 11(c)(1) where court's statements in tandem with prosecutor's statements adequately informed defendant of elements), cert. denied, 115 S.Ct. 584 (1994). The court also informed McAbee of most of the potential penalties and told him that it would consider the sentencing guidelines, but that it could depart from them under some circumstances. However, the court failed to comply with Rule 11(c)(1) by not informing McAbee of either the potential fine of up to $250,000 with respect to the Sec. 924(c) charge or the potential imposition of restitution. However, since McAbee was informed that he could be fined up to $250,000 for the armed bank robbery charge, which is far more than the actual fine and restitution imposed, the error is clearly harmless. United States v. Fox, 941 F.2d 480, 484-85 (7th Cir.1991), cert. denied, 502 U.S. 1102 (1992).
 
 
 5
 The court required disclosure of the agreement. It also advised the defendant that if the recommendation in the plea agreement was not accepted, he would have no right to withdraw his plea. Fed.R.Crim.P. 11(e)(2). We also note that the court did not err by failing to inform the defendant that he would "embody in the judgment and sentence the disposition provided in the plea agreement," because Federal Rule of Criminal Procedure 11(e)(3) does not apply to type B agreements such as the one in this case. Fed.R.Crim.P. 11(e)(1)(B), (3); United States v. Bennett, 990 F.2d 998, 1003 (7th Cir.1993).
 
 
 6
 Finally, we found no error in the district court's determination that the plea of guilty was knowing and voluntary. Fed.R.Crim.P. 11(d). The court informed McAbee that if he pleaded guilty, there would be no further trial, and it explained the protections at trial that the defendant would thereby waive. Fed.R.Crim.P. 11(c)(3), (4). We note that McAbee stated that if he had known of the pending federal charges concerning the Illinois robbery when he pleaded guilty to the Indiana charges, he might have acted differently with respect to his prior guilty plea. However, this observation in no way affects the voluntariness of his plea to the Illinois charges. Nor, since the record shows that he had the assistance of counsel with respect to his Indiana guilty plea, could he attack the validity of his prior conviction collaterally in the Illinois sentencing proceedings in order to evade the enhancement of his sentence under Sec. 924(c). United States v. Billops, 43 F.3d 281, 287-88 (7th Cir.1994), cert. denied, 115 S.Ct. 1389 (1995); see Custis v. United States, 114 S.Ct. 1732, 1739 (1994).
 
 
 7
 We found no substantial errors in the district court's calculations of the penalties in the district court's sentence of McAbee.[1] However, one unusual feature of his term of imprisonment does merit comment. At the time of his sentencing, McAbee had served 21 months of his 37 month prior sentence for the Indiana Sec. 2113 conviction. After this Indiana term expired, McAbee would then serve a five year sentence which could not be served concurrently with any other sentence pursuant to Sec. 924(c). Since U.S.S.G. Sec. 5G1.3(a)-(b) do not apply in this case, "the sentence for the instant offense shall be imposed to run consecutively to the prior undischarged term of imprisonment to the extent necessary to achieve a reasonable incremental punishment for the instant offense." U.S.S.G. Sec. 5G1.3(c) (policy statement).
 
 
 8
 Attempting to follow the method recommended in U.S.S.G. Sec. 5G1.3, comment. (n. 3), the district court calculated the sentencing guideline range for both robberies as if they had been charged in the same indictment. It properly calculated a hypothetical range of 57-71 months and concluded that in light of the circumstances of the Illinois robbery, a maximum term of 71 months would be appropriate if McAbee were sentenced for both crimes at once. The sentencing guidelines range for the Illinois bank robbery was 51-63 months. Since McAbee had already served 21 months on his Indiana conviction, the court found that the proper incremental punishment could be achieved by making 16 months of the Illinois robbery sentence run concurrently with the remaining Indiana sentence and then making the other 34 months consecutive. Thus, McAbee would serve a total of 71 months for the two robberies. Since the actual sentence imposed on the Illinois robbery only amounted to 50 months, the court granted a one month departure from the bottom of the guideline range. This combination of concurrent and consecutive sentence with a departure properly reflects the concerns of Sec. 5G1.3(c). See United States v. Hill, 48 F.3d 228, 233 (7th Cir.1995) (inviting district court to make sentence partly consecutive and partly concurrent with state court sentence in order to more precisely match defendant's incremental punishment).
 
 
 9
 The district court's sentence does have one wrinkle due to the prior Sec. 924(c) conviction: Sec. 924(c) creates a five year gap between the concurrent and consecutive portions of the Illinois armed robbery conviction. There is a common law rule against the piecemeal service of sentences. "The government is not permitted to delay the expiration of the sentence either by postponing the commencement of the sentence or by releasing the prisoner for a time and then reimprisoning him." Dunne v. Keohane, 14 F.3d 335, 336 (7th Cir.), cert. denied, 114 S.Ct. 2182 (1994); Cox v. United States ex rel. Arron, 551 F.2d 1096, 1099 (7th Cir.1977). The district court's segmented sentence in no way delays McAbee's expected release date, see Keohane, 14 F.3d at 337, and federal custody remains without interruption. Nor could the district court's sentence be construed as an unconstitutional attempt to reassert jurisdiction over a defendant after implicitly waiving it. Cf. Shields v. Beto, 370 F.2d 1003, 1006 (5th Cir.1967) (holding that Texas authorities violated due process by attempting to enforce remainder of Texas sentence despite constructive pardon or commutation, which resulted from 28 years of inaction after prisoner's release by Louisiana authorities); cf. also Fabian v. Reed, 714 F.2d 39, 41 (5th Cir.1983) (in denying habeas corpus petitioner's request for certificate of probable cause, court notes limitation of Beto's due process holding to extreme circumstances).
 
 
 10
 In his Anders brief, McAbee's attorney raises and rejects a number of claims concerning the constitutionality of Sec. 924(c). First, charging McAbee with both armed bank robbery and using a firearm in a crime of violence does not violate double jeopardy. United States v. Harris, 832 F.2d 88, 91 (7th Cir.1987). Second, in light of the principles and precedents in this circuit, claiming that the mandatory 20 year sentence violates the Eighth Amendment prohibition against cruel and unusual punishment because it is disproportionate to the offense would be groundless. See United States v. Thompson, 944 F.2d 1331, 1350 (7th Cir.1991) (holding that mandatory 5 year consecutive sentence pursuant to Sec. 924(c) is not grossly disproportionate, even in light of concomitant 30 year sentence for underlying crimes); United States v. Alvarez, 914 F.2d 915, 919 (7th Cir.1990) (rejecting disproportionality claim concerning 30 year sentence for violation of 18 U.S.C. Sec. 922(g), being a convicted felon in possession of a firearm, which carries mandatory minimum term of 15 years), cert. denied, 500 U.S. 934 (1991). Third, although the mandatory term of 20 years limits the district court's discretion to impose a lesser sentence, such a limitation on the ability of the district court to individualize McAbee's sentence does not violate due process. See Chapman v. United States, 500 U.S. 453, 467 (1991) ("Congress has the power to define criminal punishments without giving the courts any sentencing discretion."). Claiming that Congress violated due process because there is no rational basis in distinguishing a criminal who repeatedly uses weapons in crimes of violence from a first-time offender would also be frivolous.
 
 
 11
 Finding no issues of merit to pursue on appeal, we grant counsel's motion to withdraw and McAbee's appeal is DISMISSED as frivolous.
 
 
 
 [1]
 One of the potential issues spotted and discounted by counsel in his Anders brief is whether McAbee could have received a downward departure because his behavior was an aberration. Until he robbed the Indiana bank, McAbee's criminal record consisted of a single misdemeanor count of underage drinking. First, McAbee did not seek such a departure in the district court, and thus waived the issue. Second, assuming that McAbee couched the claim in terms that this court had jurisdiction to review, cf. generally United States v. Gulley, 992 F.2d 108, 110-12 (7th Cir.1993), or pursued it under the guise of an ineffective assistance of counsel claim, United States v. Partee, 31 F.3d 529, 534 (7th Cir.1994), the Illinois robbery was not McAbee's first robbery, nor was it in any way spontaneous. Id. at 534