NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 20, 2007
Decided March 21, 2007
Amended May 3, 2007

**Before**

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-3795

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois |
| *v.* | |
| | No. 04-20003-001 |
| MICHAEL W. HEMBREE, *Defendant-Appellant.* | Michael P. McCuskey, *Chief Judge.* |

**O R D E R**

Michael Hembree and his associate decided to rob banks. Within a one-month period in 2003, the pair took handguns and robbed four banks in Illinois. During the first two robberies, Hembree and his accomplice entered the banks with drawn guns and took money from either the drawers or the vault. Then, while the duo held the victims at gunpoint, they asked whether anyone was asthmatic and preferred mace to pepper spray. After shooting pepper spray at the victims, Hembree and his associate fled with the money. The later two bank robberies were similar, but the record does not disclose whether the victims were given their preference of mace or pepper spray. The robbers, apparently emboldened by their four successes, moved their act further south, and robbed a bank in Tennessee. But

this time, following a high-speed chase, police apprehended them. After his arrest, Hembree admitted to robbing the Tennessee bank, a crime for which he was later convicted, as well as the four previous robberies in Illinois.

For the Illinois robberies, the government charged Hembree and his co-defendant with four counts of armed bank robbery in violation of 18 U.S.C. § 2113(a), (d), and four counts of using a firearm during the robberies in violation of 18 U.S.C. § 924(c). Hembree eventually pleaded guilty to all charges in 2005, but later sought to vacate the pleas on the four § 924(c) counts, arguing that he was being subjected to double jeopardy because those counts contained the same elements as the four § 2113 counts, though they were based on different statutes. In its order denying Hembree's motion, the district court noted that our decision in *United States v. Harris*, 832 F.2d 88 (1987), where we held that the double jeopardy clause does not prohibit convictions and sentences based on both 18 U.S.C. § 2113(d) and 18 U.S.C. § 924(c) for the same misconduct, controlled the outcome of his case. The district court then issued four consecutive sentences, totaling 82 years' imprisonment on the § 924(c) counts, the minimum required by statute, and one additional month for the § 2113(d) counts.

His appointed counsel now moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he is unable to discern a nonfrivolous basis for the appeal. Counsel's supporting brief is facially adequate, and Hembree has not responded to counsel's motion, *see* Cir. R. 51(b), so we limit our review of the record to the potential issues counsel has identified. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002). Counsel first considers whether Hembree might challenge the district court's rulings on his pre-trial motions to suppress his confession and to suppress evidence seized because of his confession. But, as counsel notes, Hembree pleaded guilty and an unconditional guilty plea waives all non-jurisdictional defects. *See United States v. Rogers*, 387 F.3d 925, 932 (7th Cir. 2004). We therefore agree with counsel that any challenges to rulings on Hembree's pre-trial motions would be frivolous.

Counsel also considers whether Hembree might renew his argument that convictions and sentences based on both 18 U.S.C. § 2113(d) and 18 U.S.C. § 924(c) violate the double jeopardy clause. As counsel correctly notes, double jeopardy claims are not waived by the defendant's guilty plea. *See Gomez v. Berge*, 434 F.3d 940, 943 (7th Cir. 2006). But we have repeatedly held that the double jeopardy clause is not violated where, as here, Congress specifically authorizes cumulative punishments imposed in a single trial for the same offense. *See United States v. Colvin*, 353 F.3d 569, 575 (7th Cir. 2003), *United States v. Harris,* 832 F.2d 88, 89-91 (7th Cir. 1987) (citing *Missouri v. Hunter*, 459 U.S. 359 (1983)); *see also United States v. Arrington*, 159 F.3d 1069, 1073 (7th Cir. 1998). We thus agree with counsel that it would be frivolous to raise this argument.

Counsel finally considers challenging Hembree's sentence of 82 years' imprisonment for the four § 924(c) counts, but correctly concludes that such a challenge would be frivolous. Hembree's sentence was the statutory minimum and the consecutive terms were legislatively mandated. 18 U.S.C. § 924(c). The length, though harsh, did not violate the Eighth Amendment. *See Arrington*, 159 F.3d at 1073. The one month sentence for the § 2113(d) counts fell well below the advisory guidelines range of 97 months, and therefore any argument of unreasonableness would be frivolous.

Accordingly, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.