NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 18, 2012
Decided October 19, 2012

**Before**

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 11-1553

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 10-Cr-103 |
| LUIS M. RAMOS, *Defendant-Appellant.* | Rudolph T. Randa, *Judge.* |

**O R D E R**

Luis Ramos and codefendant Ramon Trinidad, each armed with a handgun, robbed Guaranty Bank in Greenfield, Wisconsin. During the robbery Ramos held a gun to the bank manager's head while demanding money. Later that day the two men robbed Bank Mutual in Milwaukee, Wisconsin, where Ramos pointed a gun at a teller while demanding money. Ramos pleaded guilty to two counts of armed bank robbery, 18 U.S.C. § 2113(a), (d), and one count of brandishing a firearm during and in relation to a crime of violence, *id.* § 924(c)(1)(A)(ii). The district judge sentenced him within the guidelines imprisonment range to concurrent terms of 135 months for the armed robberies and a consecutive 84-month term on the 924(c) count.

Ramos filed a notice of appeal, but his appointed lawyer asserts that the appeal is frivolous and moves to withdraw under *Anders v. California,* 386 U.S. 738, 744 (1967). Ramos has responded to counsel's submission, *see* CIR. R. 51(b), and we limit our review to counsel's facially adequate brief and Ramos's response, *see United States v. Schuh,* 289 F.3d 968, 973–74 (7th Cir. 2002).  Ramos does not wish to challenge his guilty pleas, and thus counsel appropriately omits discussion about the adequacy of the plea colloquy and the voluntariness of the pleas. *See United States v. Knox,* 287 F.3d 667, 671–72 (7th Cir. 2002).

Counsel first considers whether Ramos could argue that Congress did not authorize separate punishments for both a violation of § 924(c) and the underlying crime of violence or drug trafficking crime. Section 2113(d) enhances the maximum prison sentence if a dangerous weapon is used during the bank robbery. 18 U.S.C. § 2113(a), (d). Section 924(c) mandates that any person who brandishes a firearm "during and in relation to any crime of violence . . . (including a crime of violence. . . that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) . . . shall, *in addition to* the punishment provided for such crime of violence," be sentenced to no less than seven years in prison. 18 U.S.C. § 924(c)(1)(A) (emphasis added). Further, § 924(c) explicitly prohibits a prison sentence for that offense to run concurrently with any other sentence. *Id.* § 924(c)(1)(D)(ii). The unambiguous language of § 924(c) makes clear that Congress intended a consecutive penalty even if the underlying felony—like § 2113—has its own enhancement for use of a gun. *United States v. Gonzales,* 520 U.S. 1, 9–10 (1997); *United States v. Larkin,* 978 F.2d 964, 972 (7th Cir. 1992) (recognizing that Congress authorized consecutive sentences under § 2113(d) and § 924(c) for armed bank robbery committed by use of a gun). Given the statute's straightforward language, challenging Congressional intent would be frivolous.

Counsel next evaluates whether Ramos could argue that his sentence under § 924(c) is barred by the Double Jeopardy Clause but correctly rejects that potential claim as baseless. Armed bank robbery and use of a gun during a crime of violence are different offenses for double jeopardy analysis. *See, e.g., United States v. Harris,* 832 F.2d 88, 91 (7th Cir. 1987); *United States v. Garcia-Ortiz,* 528 F.3d 74, 85 (1st Cir. 2008); *United States v. Yousef,* 327 F.3d 56, 164 (2d Cir. 2003); *United States v. Michlin,* 34 F.3d 896, 900–01 (9th Cir. 1994). It would not matter if they were the same, however, because Congress may authorize cumulative punishments in a single prosecution charging violations of different statutes proscribing the same offense. *McCloud v. Deppisch,* 409 F.3d 869, 873 (7th Cir. 2005).

In his Rule 51(b) response, Ramos proposes arguing that his consecutive sentences for a single armed bank robbery violate the Eighth Amendment's ban on cruel and unusual punishment. This argument has been raised and rejected. *See United States v. Thompson*, 944 F.2d 1331, 1350 (7th Cir. 1991) (concluding that § 924(c)'s mandatory 5-year sentence

running consecutively to 30-year sentence does not violate Eighth Amendment). Nor do Ramos's cumulative sentences amount to the "rare case" raising the specter of gross disproportionality. *See Ewing v. California*, 538 U.S. 11, 30 (2003) (concluding that prison term of 25 years to life under California's three-strikes law for repeat felon who stole three golf clubs worth $1,200 does not raise inference of gross disproportionality); *United States v. Brucker*, 646 F.3d 1012, 1018–19 (7th Cir. 2011) (highlighting high bar established for raising inference of gross disproportionality); *Thompson*, 944 F.2d at 1350 (reasoning that consecutive 5-year and 30-year sentences for possession of dangerous weapon during drug trafficking crime are not grossly disproportionate). An Eighth Amendment challenge to § 924(c) therefore would be frivolous.

The motion to withdraw is GRANTED, and the appeal is DISMISSED. Ramos's pro se motion for appointment of substitute counsel is DENIED.