**UNITED STATES of America, Plaintiff–Appellee,**

v.

**James Henry GIBBONS, Defendant– Appellant.**

No. 92–1720.

United States Court of Appeals, Sixth Circuit.

Argued March 18, 1993.

Decided June 1, 1993.

U.S.C. § 846 and one count of conspiracy to use or carry firearms in relation to drug trafficking under 18 U.S.C. § 924(c). Defendant appeals the District Court's denial of his motion to dismiss one of the conspiracy counts and his ultimate conviction and sentencing based on that count. Defendant asserts that the double jeopardy clause of the Fifth Amendment prohibits conviction on both conspiracy counts. Because we find Congress to have intended 18 U.S.C. § 924(c) to act as an enhancement to other offenses, we hold that no violation of double jeopardy has occurred and therefore affirm.

## I.

The evidence introduced by the government at trial showed that on September 20, 1991, defendant was playing basketball with several others in front of a house when Alcohol, Tobacco and Firearms ("ATF") Agent Michael Yott drove up to the house. One of the basketball players, co-defendant Melvin Travis, asked Yott what he wanted and who he knew. Yott responded that he knew defendant and wanted to purchase crack cocaine. Travis then instructed defendant and another co-defendant, Kenny Johnson, to "take care of" Yott. Defendant, Johnson, and Yott went into the house, where Johnson pulled a plastic bag full of crack rocks from his sock. He then allowed Yott to select two rocks for purchase. While this transaction took place, defendant stood nearby holding a revolver and a fanny pack which a later search would reveal to contain cocaine. After the transaction, Johnson escorted Yott to the door while carrying a sawed-off shotgun.

When Yott reached his car, he signaled other ATF agents, who then surrounded the house. At this point, all of the co-defendants ran. As he ran, defendant was observed throwing the fanny pack to the ground in an alley. Defendant was apprehended by the ATF agents, however, and the fanny pack and the revolver were both recovered and identified as the ones in his possession during the transaction.

On October 1, 1991, defendant was named as one of four co-defendants in an eight-count indictment based on the incident. Four of the counts of the indictment charged defen-

Edward Ewell, Jr., Asst. U.S. Atty. (briefed), Jennifer Mulhern Granholm, Jennifer J. Peregord (argued), Office of the U.S. Atty., Detroit, MI, for plaintiff-appellee.

Patrick M. Cleary (argued, briefed), Lehman, Duggan & Valentino, Bloomfield Hills, MI, for defendant-appellant.

Before KENNEDY, NORRIS, and SUHRHEINRICH, Circuit Judges.

KENNEDY, Circuit Judge.

Defendant James Henry Gibbons was convicted by a jury of four counts related to distributing cocaine, including one count of conspiracy to distribute cocaine under 21

dant. Count One charged defendant, Travis and Johnson with conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846. Count Three charged defendant and Johnson with possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1). Count Four charged defendant, Travis and Johnson with conspiracy to use or carry firearms in relation to drug trafficking in violation of 18 U.S.C. § 924(c). Count Six charged defendant with carrying a firearm in violation of 18 U.S.C. § 924(c).

Prior to trial, defendant moved to dismiss either Count One or Count Four claiming that charging him with both counts violated the double jeopardy clause bar on multiple convictions and sentences for the same offense. The District Court denied the motion. After a four-day trial, the jury found defendant guilty on all four counts. The District Court sentenced defendant to concurrent 108 month sentences for Count One and Count Three, to run consecutive to 60 month concurrent sentences for Count Four and Count Six.

## II.

The Fifth Amendment prohibition against double jeopardy protects against three harms: second prosecution for an offense after initial acquittal, second prosecution for an offense after an initial conviction, and "multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2077, 23 L.Ed.2d 656 (1969). In challenging the constitutional validity of two counts of the same indictment and conviction and the sentence based on these counts, defendant invokes the third of these protections, against multiplicity of punishment. The general test for compliance with the double jeopardy clause looks to "whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). The *Blockburger* test, however, is a rule of statutory construction which does not apply where Congress has authorized punishments which would otherwise be inappropriately cumulative. *Whalen v. United States*, 445 U.S. 684, 688, 100 S.Ct. 1432, 1436, 63 L.Ed.2d 715 (1980). "[T]he

question whether punishments imposed by a court after a defendant's conviction upon criminal charges are unconstitutionally multiple cannot be resolved without determining what punishments the Legislative Branch has authorized." *Id.* "Where consecutive sentences are imposed at a single criminal trial, the role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense." *Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977).

In general, the test applied by this Court to determine whether double jeopardy has been violated by multiple conspiracy charges is a five factor totality of the circumstances standard. *In re Grand Jury Proceedings*, 797 F.2d 1377, 1382 (6th Cir.1986), *cert. denied*, 479 U.S. 1031, 107 S.Ct. 876, 93 L.Ed.2d 831 (1987); *United States v. Sinito*, 723 F.2d 1250, 1255 (6th Cir.1983), *cert. denied*, 469 U.S. 817, 105 S.Ct. 86, 83 L.Ed.2d 33 (1984); *United States v. Jabara*, 644 F.2d 574, 577 (6th Cir.1981). *But see United States v. Harris*, 959 F.2d 246, 251–52 (D.C.Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 362, 121 L.Ed.2d 275 (1992). For charges involving section 924(c), however, a different approach is mandated by Congress' intent as expressed on the face of the statute. Section 924(c) is designed to serve as a sentence enhancement to other violent or drug trafficking offenses. *United States v. Moore*, 917 F.2d 215, 228–30 (6th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1590, 113 L.Ed.2d 654 (1991). The section mandates that "[w]hoever, during and in relation to any crime of violence or drug trafficking crime ... for which he may be prosecuted ... uses or carries a firearm, shall, in addition to the punishment provided for such crime ... be sentenced to imprisonment for five years." 18 U.S.C. § 924(c)(1) (1992). Thus, "in the case of § 924(c)(1) Congress made its intention explicit, stating unequivocally that the punishment for violation of that statute should be imposed 'in addition to the punishment provided for the commission of [the predicate] felony.'" *Whalen*, 445 U.S. at 699, 709, 100 S.Ct. at 1441–42, 1447 (Rehnquist, J., dissenting) (brackets in original). As a result of Congress' clear legislative

intent, there is no need to apply any other method of statutory interpretation: Congress directed cumulative sentencing under section 924(c). *Moore,* 917 F.2d at 230. The words "in addition to the punishment provided for such crime" can have no other meaning. The general double jeopardy tests cannot be applied to section 924(c) since a section 924(c) charge is always predicated upon the violation of another statutory offense. It can never satisfy the *Blockburger* test. The underlying crime of violence or drug crime upon which a section 924(c) conviction is, by definition, based will never require proof of any fact for which section 924(c) itself does not require proof.

■ Following this same analysis, the double jeopardy test applied in this Circuit to multiple conspiracy charges is likewise inapplicable. Congress intended section 924(c) to serve as an enhancement to other drug trafficking crimes whether they be conspiracies or substantive offenses. Section 924(c)(2) defines "drug trafficking crime" to include all felonies within the Controlled Substances Act, 21 U.S.C. § 801, *et seq.,* which includes the conspiracy to distribute charge forming the basis of Count One. *See* 21 U.S.C. § 846 (1992). Thus, in the present case, just as the Count Six section 924(c) firearm charge is an enhancement to the Count Three possession with intent to distribute charge, the Count Four section 924(c) firearm conspiracy charge is an enhancement to the Count One conspiracy to distribute charge. Where statutory intent clearly indicates that Congress authorized multiple punishments based on committing a crime in a particular manner, here using a firearm, the resulting sentences do not violate the double jeopardy clause. *See Albernaz v. United States,* 450 U.S. 333, 344, 101 S.Ct. 1137, 1145, 67 L.Ed.2d 275 (1981).

### III.

For the reasons stated above, we hold that the District Court did not err in allowing indictment, conviction and sentencing on both conspiracy charges and AFFIRM.