30 F.3d 134
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael K. HOLDRIDGE, Defendant-Appellant.
 No. 92-1889.
 United States Court of Appeals, Sixth Circuit.
 July 25, 1994.
 
 Before JONES and NORRIS, Circuit Judges, JARVIS, Chief District Judge.*
 OPINION
 ALAN E. NORRIS, Circuit Judge.
 
 
 1
 Defendant, Michael K. Holdridge, appeals his convictions and sentences for eight offenses stemming from the manufacture and possession of pipe bombs. These convictions include malicious destruction of a vehicle with a pipe bomb in violation of 18 U.S.C. Sec. 844(i) (1988) and use of a destructive device during and in relation to a crime of violence in violation of 18 U.S.C. Sec. 924(c) (1988 & Supp.1993).
 
 
 2
 The district court sentenced defendant to thirty years' imprisonment for violation of 18 U.S.C. Sec. 924(c) to be served consecutively to a fifty-one month sentence meted out for the remaining counts, which included the violation of 18 U.S.C. Sec. 844(i).
 
 
 3
 Defendant challenges the joint application of 18 U.S.C. Sec. 844(i) (1988)[1] and 18 U.S.C. Sec. 924(c) (1988 & Supp.1993)[2] on two grounds. First, he contends that such an application runs afoul of the Double Jeopardy Clause of the Fifth Amendment by inflicting multiple punishments for the same offense. Second, he argues that the severity of his sentence violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. After careful review, we conclude that neither contention is persuasive and therefore affirm the convictions and sentences.
 
 DISCUSSION
 A. Double Jeopardy Clause
 
 4
 It is well-recognized that the protections of the Double Jeopardy Clause are intended to guarantee that a defendant is not subjected to "multiple punishments for the same offense." North Carolina v. Pearce, 395 U.S. 711, 717 (1969); see Blockburger v. United States, 284 U.S. 299 (1932). However, the constitutional protection against multiple punishments does not apply in every instance where a defendant's conduct has been punished under multiple statutory provisions.
 
 
 5
 Cumulative punishments are permitted to sanction a single offense when Congress clearly expresses a desire to impose such a penalty. In Missouri v. Hunter, 459 U.S. 359 (1983), the Supreme Court reasoned as follows:
 
 
 6
 Where, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' conduct under Blockburger, a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial.
 
 
 7
 Id. at 368-69. Thus, a court may freely inflict duplicative punishment upon a defendant for a single offense without violating the Double Jeopardy Clause if legislative intent clearly favors such cumulative sentencing. Whalen v. United States, 445 U.S. 684, 692 (1980) ("[W]here two statutory provisions proscribe the 'same offense,' they are construed not to authorize cumulative punishments in the absence of a clear indication of contrary legislative intent.").
 
 
 8
 For purposes of this discussion, we presume that sections 844(i) and 924(c) constitute the "same offense" because Sec. 924(c) does not require proof of any elements that are distinct from the predicate felony. See generally, Blockburger v. United States, 284 U.S. 299 (1932).
 
 
 9
 The legislative history of Sec. 924(c) begins by stating that "interpretations of the section in recent Supreme Court decisions have greatly reduced its effectiveness as a deterrent to violent crime." S.Rep. No. 225, 98th Cong., 1st Sess. 312 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3490. This weakening of the section through judicial interpretation created a problem which Congress sought to address by amendment. The "recent Supreme Court decisions" that Congress intended the amendment of Sec. 924(c) to address were Simpson v. United States, 435 U.S. 6 (1978), and Busic v. United States, 446 U.S. 398 (1980). Congress found that these decisions made Sec. 924(c) inoperative with respect to "precisely the type of extremely dangerous offenses for which a mandatory punishment for the use of a firearm is the most appropriate." 1984 U.S.C.C.A.N. at 3490.
 
 
 10
 While the Busic and Simpson decisions provided the impetus for Congressional action, the legislative history makes it clear that the statutory amendment was not directed solely at the predicate crimes affected by those cases. Rather, Congress unequivocally intended to extend the reach of Sec. 924(c) to all federal crimes of violence:
 
 
 11
 The Committee has concluded that subsection 924(c) should be completely revised to ensure that all persons who commit Federal crimes of violence, including those crimes set forth in statutes which already provide for enhanced sentences for their commission with a dangerous weapon, receive a mandatory sentence, without the possibility of the sentence being made to run concurrently with that for the underlying offense or for any other crime and without the possibility of a probationary sentence or parole.
 
 
 12
 1984 U.S.C.C.A.N. at 3491 (emphasis added) (footnote omitted).
 
 
 13
 Since this amendment to Sec. 924(c), numerous circuit courts, including this one, have approved the joint application of that section with a variety of federal felonies. See, e.g., United States v. Johnson, No. 93-5974, 1994 WL 140293 (6th Cir. Apr. 22, 1994) (carjacking--"Congress wanted to make sure in Sec. 924(c) that all federal crimes of violence committed with a firearm are enhanced, even though the other more specific crime of violence also requires the presence of a firearm."); United States v. Singleton, 16 F.3d 1419 (5th Cir.1994) (carjacking); United States v. Moore, 917 F.2d 215 (6th Cir.) (armed robbery of postal official), cert. denied, 111 S.Ct. 1590 (1991); United States v. Swapp, 934 F.2d 326, Nos. 88-2433, 88-2435 (10th Cir. Sept. 26, 1990) (unpublished opinion) (Sec. 844(i));[3] United States v. Gibbons, 994 F.2d 299 (6th Cir.) (narcotics), cert. denied, 114 S.Ct. 202 (1993);
 
 
 14
 In Moore, this court reviewed the pertinent legislative history in the wake of a double jeopardy challenge and reached the same conclusion that we do today. Specifically, it rejected "the double jeopardy argument against enhanced sentencing under Sec. 924(c) when applied in connection with a crime of violence where a firearm is used." Moore at 230. Central to that panel's decision was the following language of the House and Senate Appropriations Committee found in the amendment's legislative history: "[S]ection 924(c) provides for a mandatory, determinate sentence for a person who uses or carries a firearm during and in relation to any Federal 'crime of violence.' " Moore at 229 (quoting 1984 U.S.C.C.A.N. at 3491) (emphasis added).
 
 
 15
 In Singleton, the Fifth Circuit went further in determining that this legislative history should be read broadly to include federal crimes that, like the case before us, require the possession of a firearm as an element of the predicate offense:
 
 
 16
 Other parts of the legislative history also suggest that Congress was not concerned exclusively with overturning Simpson and Busic, but was merely using Simpson and Busic as examples of how the judiciary had gone astray in interpreting Sec. 924(c). The portion of the legislative history quoted above opens with the following sentence:
 
 
 17
 Part D of title X is designed to impose a mandatory penalty without the possibility of probation or parole, for any person who uses or carries a firearm during and in relation to a Federal crime of violence.
 
 
 18
 That broad statement does not purport to limit the application of Sec. 924(c) to statutes containing an 'enhancement' provision for the use of a firearm. The use of 'any person' in the text just quoted, and the use of 'all persons' in the earlier quotations from the legislative history, make it clear that Congress wanted to stack Sec. 924(c)'s punishment atop all predicate crimes that came within the statute, not just the Simpson/Busic variety of predicate crimes for which the statutes included 'enhancement' provisions.
 
 
 19
 Singleton at 1427 (footnotes omitted).
 
 
 20
 As with the federal carjacking statute considered by the Singleton court, there is no dispute that Sec. 844(i) is a crime of violence. Further, we agree with the fifth circuit that Congress intended Sec. 924(c) to be applied broadly to include offenses for which possession or use of a firearm is an element. Accordingly, we hold that the imposition of consecutive sentences under Sec. 844(i) and Sec. 924(c) does not violate the Double Jeopardy Clause.
 
 B. Cruel and Unusual Punishments Clause
 
 21
 We turn next to defendant's contention that joint application of the two statutes violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. The thrust of the argument is that his punishment is so disproportionate when compared to his criminal conduct that it amounts to precisely the kind of excessive sanction that the Eighth Amendment was designed to protect against.
 
 
 22
 While defendant's sentence is harsh, we can hardly hold that it is unconstitutional in light of the Supreme Court's holding in Harmelin v. Michigan, 111 S.Ct. 2680 (1991). For in Harmelin the Court found that "[s]evere ... penalties may be cruel, but they are not unusual in the constitutional sense, having been employed in various forms throughout our Nation's history." Accordingly, we find that defendant's sentence was not imposed in violation of the Eighth Amendment.
 
 CONCLUSION
 
 23
 For the foregoing reasons, the convictions and sentences are affirmed.
 
 
 24
 NATHANIEL R. JONES, Circuit Judge, dissenting.
 
 
 25
 The majority today finds that the joint application of 18 U.S.C. Secs. 844(i) and 924(c) does not violate the Double Jeopardy Clause of the Fifth Amendment. Because I disagree, I must dissent.
 
 
 26
 The Double Jeopardy Clause stands as a bulwark to insure that defendants in our criminal justice system will not be unfairly disciplined by being forced to endure multiple punishments for a single offense. Ex parte Longe, 85 U.S. (18 Wall.) 163, 171-73 (1873). See generally United States v. Dixon, 113 S.Ct. 2849 (1993). The necessary analysis requires both a determination of whether the "same offense," as defined by Blockburger v. United States, 284 U.S. 299 (1932), is being cumulatively punished, and an evaluation of Congress' intent, as required by Missouri v. Hunter, 459 U.S. 359 (1983).
 
 
 27
 In Blockburger, the Court held that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Blockburger, 284 U.S. at 304. If this question is answered affirmatively, more than one offense exists. If, however, the question is answered in the negative, only a single offense has been committed.
 
 
 28
 Subsequent courts have concluded that when only a single offense exists there is a presumption that Congress did not intend to inflict cumulative punishment under the statutory provisions in question. This presumption prohibits cumulative punishment absent clear evidence of the legislature's intent to allow compound punishment for a single transgression. Whalen v. United States, 445 U.S. 684, 691-92 (1980). Alternatively, where more than one offense exists under Blockburger, courts are to presume that cumulative punishment was intended. This presumption also is invalidated only by clear evidence of the legislature's contrary intent. Albernaz v. United States, 450 U.S. 333, 339-40.
 
 
 29
 Holdridge's destruction of motor vehicles through the use of pipe bombs was prohibited by two separate statutory provisions. The first was 18 U.S.C. Sec. 844(i). This provision is part of what is commonly referred to as the Organized Crime Control Act of 1970. Section 844(i) states, in relevant part:
 
 
 30
 Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of ... an explosive, any ... vehicle ... used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce shall be imprisoned for not more than ten years or fined not more than $10,000, or both....
 
 
 31
 Thus, a violation of Sec. 844(i), as related to Appellant's conviction, consists of three essential elements. These elements are: 1) malice; 2) destruction of a vehicle which is involved in or affects interstate commerce; and 3) the use of an explosive device to effectuate such destruction.
 
 
 32
 Holdridge's conduct was also prohibited by the provisions of 18 U.S.C. Sec. 924(c), which is a portion of the Gun Control Act of 1968. A violation of Sec. 924(c) similarly requires proof of three elements. Section 924(c) states, in relevant part:
 
 
 33
 Whoever, during and in relation to any crime of violence ... (including a crime of violence ... which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence ..., be sentenced to imprisonment for five years ... and if the firearm is ... a destructive device ... to imprisonment for thirty years.... Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the crime of violence ... in which the firearm was used or carried. No person sentenced under this subsection shall be eligible for parole during the term of imprisonment imposed herein.
 
 
 34
 Hence, the three necessary elements of a Sec. 924(c) violation, as related to Holdridge's conviction, are: 1) a crime of violence; 2) the use or possession of a firearm in the commission of this crime; and 3) that such firearm be a destructive device. However, these elements are completely encompassed by a violation of Sec. 844(i). Specifically, the destruction of a vehicle, under Sec. 844(i), is necessarily a crime of violence, as required by the first element of Sec. 924(c). Furthermore, the use of an explosive device, as required by Sec. 844(i), is interchangeable with Sec. 924(c)'s requirement that the defendant use a firearm that is a destructive device. Section 924(c) does not require "proof of a fact which the other [Sec. 844(i) ] does not." Blockburger, 284 U.S. at 304. Because a violation of Sec. 924(c) does not include any elements which are distinct from the predicate felony, I conclude that the duplicative punishment Holdridge received under sections 844(i) and 924(c) was for the same offense.
 
 
 35
 However, as noted above, this conclusion does not end the inquiry. In Hunter, the Court found that statutory provisions which do not pass the Blockburger test may nevertheless authorize duplicative punishment if there is clear evidence of Congress' intent to do so. Thus, "[w]here ... a legislature specifically authorizes cumulative punishment under two statutes ... a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial." Hunter, 459 U.S. at 368-69 (emphasis added). However, in the absence of a clear legislative mandate, courts must presume that multiple punishments were not contemplated. Whalen, 445 U.S. at 692 ("[W]here two statutory provisions proscribe the 'same offense,' they are construed not to authorize cumulative punishments in the absence of a clear indication of contrary legislative intent.").
 
 
 36
 That clear legislative intent is necessary to override the presumption against multiple punishments has been reaffirmed in subsequent Supreme Court decisions. See, e.g., Garrett v. United States, 471 U.S. 773 (1985) ("[T]he Blockburger presumption must of course yield to a plainly expressed contrary view on the part of Congress") (emphasis added); Hunter, 459 U.S. at 368 ("The rule of statutory construction noted in Whalen is not a constitutional rule requiring courts to negate clearly expressed legislative intent ) (emphasis added); Albernaz v. United States, 450 U.S. 333, 340 (1980) ("The Blockburger test ... should not be controlling where ... there is a clear indication of contrary legislative intent.") (emphasis added).
 
 
 37
 Thus, in order to overcome the failure of the Blockburger test in the present case, Congress must have clearly intended to impose compound punishment under sections 844(i) and 924(c). However, contrary to the majority's conclusion, such a clear intention is not evident.
 
 
 38
 The majority refers to a single portion of the legislative history to conclude that Congress' intent was clearly to prescribe cumulative punishment under Sec. 844(i) and Sec. 924(c). However, the pertinent legislative history indicates that the amendment of Sec. 924(c) was intended to remedy "interpretations of the section in ... Supreme Court decisions [that had] greatly reduced its effectiveness as a deterrent to violent crime." S.Rep. No. 225, 98th Cong. (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3490. The Senate Report addresses two Supreme Court decisions, Simpson v. United States, 435 U.S. 6 (1977), and Busic v. United States, 446 U.S. 398 (1980), that the legislature intended to supersede through the section's revision. Congress determined that the Simpson and Busic decisions undermined Sec. 924(c)'s effectiveness with respect to "precisely the type of extremely dangerous offenses for which a mandatory punishment for the use of a firearm is the most appropriate." 1984 U.S.C.C.A.N. at 3490. Thus, the offenses confronted by the Court in Simpson and Busic were the types of crimes that Congress intended to address through its amendment of Sec. 924(c). A clear intent to address any other crimes is not apparent. See also 1984 U.S.C.C.A.N. at 3491 (providing that the amended statute "represents a complete revision of subsection 924(c) of title 18 to overcome the problems with the present subsection discussed above." The "problems ... discussed above" include only the Simpson and Busic cases, and drafting issues that made it unclear whether sentences imposed under Sec. 924(c) should run concurrently with other sentences.) (emphasis added).
 
 
 39
 In Simpson, the Court determined that Sec. 924(c) should not be used in conjunction with an armed robbery statute which provided its own enhanced punishment provisions. The Simpson defendants engaged in a series of bank robberies, "using handguns to intimidate the bank's employees." Simpson, 435 U.S. at 8. Similarly, the Busic Court found that application of Sec. 924(c) to defendants sentenced for assault of a federal officer was impermissible where the statute already provided for enhanced penalties. In Busic, the defendants assaulted a federal officer in an attempt to rob the federal officer, who was posing as a potential purchaser of drugs. 446 U.S. at 400. Accordingly, statutes proscribing offenses like assault, narcotics offenses and robbery were clearly included in the scope of the legislature's contemplated cumulative punishment.
 
 
 40
 In light of this clear legislative mandate, courts have repeatedly affirmed multiple punishments imposed under Sec. 924(c) and statutes prohibiting drug trafficking and robbery. See, e.g., Smith v. United States, 113 S.Ct. 2050 (1993) (drug trafficking); Deal v. United States, 113 S.Ct. 1993 (1993) (bank robbery); United States v. Gibbons, 994 F.2d 299 (6th Cir.) (narcotics), cert. denied, 114 S.Ct. 202 (1993); United States v. Lanzi, 933 F.2d 824 (10th Cir.1991) (robbery); United States v. Moore, 917 F.2d 215 (6th Cir.1990) (armed robbery), cert. denied, 499 U.S. 963 (1991); United States v. Harris, 832 F.2d 88 (7th Cir.1987) (robbery); United States v. York, 830 F.2d 885 (8th Cir.1987) (robbery), cert. denied, 484 U.S. 1074 (1988); United States v. Browne, 829 F.2d 760 (9th Cir.1987) (robbery), cert. denied, 485 U.S. 991 (1988); United States v. Shavers, 820 F.2d 1375 (4th Cir.1987) (armed robbery).
 
 
 41
 Additionally, clear evidence of Congress' intent may plausibly be attributed to statutes analogous to those referred to in Simpson, Busic, and the legislative history. See, e.g., United States v. Williams, 998 F.2d 258 (5th Cir.1993) (kidnapping); United States v. Springfield, 829 F.2d 860 (9th Cir.1987) (manslaughter).
 
 
 42
 However, it is not clear that Congress intended to include statutes such as Sec. 844(i). Section 844(i) is not only omitted from explicit references in the legislative history, but more importantly, the section does not outlaw a crime that is even remotely analogous to those confronted by the Supreme Court in Simpson and Busic. The crimes which the amendment of Sec. 924(c) was explicitly intended to address are crimes which may involve but do not necessarily require the presence of a firearm or explosive for the completion of the core element of the offense. Without a weapon, the predicate offenses of assault, robbery, or drug trafficking, to name but a few, still exist. Section 844(i), in contrast, does not proscribe this sort of crime. In the case at bar, Holdridge's failure to possess or utilize a pipe bomb would eradicate not just his violation of Sec. 924(c) but also the core element of the predicate offense. Because it makes little sense to apply a sentence enhancement for criminals who use an explosive to the crime of using explosives, I conclude that the clear intent attributable to statutes analogous to those in Simpson and Busic cannot be attributed to Sec. 844(i).
 
 
 43
 The majority cites to United States v. Swapp, Nos. 88-2433, 88-2435 (10th Cir. Sept 26, 1990) (unpublished), the one case in which a court approved, in light of double jeopardy concerns, the compound application of sections 844(i) and 924(c).[1] For the reasons stated above I believe we should decline to follow the Tenth Circuit's lead. To do otherwise authorizes duplicative punishment of a single offense where such punishment has not been explicitly contemplated by Congress. "If a federal court exceeds its own authority by imposing multiple punishments not authorized by Congress, it violates not only the specific guarantee against double jeopardy, but also the constitutional principle of separation of powers in a manner that trenches particularly harshly on individual liberty." Whalen, 445 U.S. at 689.
 
 
 44
 If Congress intends to inflict cumulative punishments under sections 844(i) and 924(c) it must clearly say so. Until then, however, I believe that ambiguity with respect to the joint application of the two sections should prevent their combination for purposes of sentencing. Accordingly, I dissent.
 
 
 
 *
 The Honorable James H. Jarvis, II, Chief United States District Judge for the Eastern District of Tennessee, sitting by designation
 
 
 [1]
 Section 844(i) provides, in pertinent part:
 Whoever maliciously damages or destroys ... by means of ... an explosive, any building, vehicle, or other ... property used in interstate or foreign commerce ... shall be imprisoned for not more than ten years or fined not more than $10,000, or both....
 
 
 [2]
 Section 924(c)(1) provides, in pertinent part:
 Whoever, during and in relation to any crime of violence ... (including a crime of violence ... which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence ... be sentenced ... if the firearm is ... a destructive device ... to imprisonment for thirty years.... Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the crime of violence.... No person sentenced under this subsection shall be eligible for parole during the term of imprisonment imposed herein.
 
 
 [3]
 To date the tenth circuit appears to be the only other federal appellate court to have addressed precisely the same issue now before us
 
 
 [1]
 Several other courts have upheld compound application of these sections, but did not address the issue of double jeopardy. See, e.g., United States v. Arvanitis, 902 F.2d 489 (7th Cir.1990) (affirming, on unrelated grounds, defendants' prison sentences, which were partially a result of violations of Sec. 924(c) and 844(i), without confronting the issue of congressional intent); U.S. v. Carter, No. 90-5089 (4th Cir. July 17, 1991) (unpublished) (upholding sentencing under Secs. 844(i) and 924(c) without raising the double jeopardy issue); United States v. Moran, 845 F.2d 135 (7th Cir.1988) (approving on jurisdictional grounds the combined use of Sec. 924(c) and Sec. 844(i), but not addressing the issue of clear congressional intent)