[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 17, 2001
THOMAS K. KAHN
CLERK

No.  97-5235

D. C. Docket No. 95-08118-CR-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT STRICKLAND,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Florida

**(August 17, 2001)**

Before TJOFLAT, HILL and POLITZ*, Circuit Judges.

---

*Honorable Henry A. Politz, U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

TJOFLAT, Circuit Judge:

This is a direct appeal from multiple convictions for transportation and use

of an explosive device in violation of 18 U.S.C. §§ 844(d)[1] and 924(c).[2] Although

the defendant raises a host of issues on appeal,[3] the only claim that merits

---

[1] 18 U.S.C. § 844(d) provides:

(d) Whoever transports or receives, or attempts to transport or receive, in interstate or foreign commerce any explosive with the knowledge or intent that it will be used to kill, injure, or intimidate any individual or unlawfully to damage or destroy any building, vehicle, or other real or personal property, shall be imprisoned for not more than ten years, or fined under this title, or both; and if personal injury results to any person, including any public safety officer performing duties as a direct or proximate result of conduct prohibited by this subsection, shall be imprisoned for not more than twenty years or fined under this title, or both; and if death results to any person, including any public safety officer performing duties as a direct or proximate result of conduct prohibited by this subsection, shall be subject to imprisonment for any term of years, or to the death penalty or to life imprisonment.

[2] 18 U.S.C. § 924(c)(1) provides:

(1)(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--
(i) be sentenced to a term of imprisonment of not less than 5 years;
(ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
(iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

[3] The defendant asserts seven other challenges to his convictions: (1) the district court erred by denying his motion to suppress incriminating statements he made to federal agents and to exclude evidence obtained from his hotel room; (2) the evidence was insufficient to sustain a conviction under section 924(c); (3) the evidence was insufficient to sustain a conviction under section 844(d); (4) the court's instructions to the jury on the definition of "firearm" and "explosive" were erroneous; (5) the court abused its discretion by admitting extrinsic act evidence under Federal Rule of Evidence 404(b); (6) the court abused its discretion by denying the defendant's motion to sever; and (7) Count Four, which charged the defendant with carrying

discussion is whether multiple counts and consecutive sentences for the violations of sections 844(d) and 924(c), based on a single course of conduct, violate the Double Jeopardy Clause. We hold that the imposition of consecutive sentences under these two provisions does not violate the double jeopardy clause, and therefore, affirm the convictions and sentences.

I.

Robert A. Strickland was arrested in Ohio on October 14, 1995 for manufacturing, transporting, and affixing a pipe bomb to the vehicle of his ex-wife's new husband. A Southern District of Florida grand jury returned a five count indictment against the defendant as follows: knowing possession of an unregistered destructive device, in violation of 26 U.S.C. §§ 5681(d) and 5871 (Count One); knowing possession of a pipe bomb after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2)(Count Two); transporting explosive materials in interstate commerce, in violation of 18 U.S.C. § 844(d) (Count Three); knowingly carrying an explosive during the commission of the crime of possessing an unregistered destructive device, in violation of 18 U.S.C. § 844(h)(2) (Count Four); and knowingly using and carrying a pipe bomb

---

an explosive while possessing an unregistered destructive device in violation of 18 U.S.C. 844(h)(2), does not state an offense. The government concedes that Count Four does not state an offense and accordingly, the Count Four conviction is vacated.

3

during and in relation to a crime of violence, in violation of section 924(c)(1) (Count Five).

Adopting the magistrate judge's report and recommendation, the district court dismissed Count One as duplicative of Count Four. Strickland pled not guilty to the remaining offenses and proceeded to trial. The jury convicted him of Count Four but was unable to reach a verdict on the remaining counts. Strickland filed a motion for judgment of acquittal, which the district court denied. He was retried and convicted on Counts Two, Three, and Five. The court sentenced Strickland to concurrent 100-month terms of imprisonment on Counts Two and Three, 60 months' imprisonment on Count Four, and 360 months' imprisonment on Count Five. The sentences on Counts Four and Five were to be served concurrently, but following the sentences imposed on Counts Two and Three. Strickland now appeals.

II.

Strickland maintains that the convictions and sentences imposed violate the Double Jeopardy Clause of the Fifth Amendment because Counts Three, Four, and Five "all charge [him] with carrying the same explosive." This single course of conduct is insufficient, he contends, to support multiple indictments. Possible violations of the Double Jeopardy Clause raise pure questions of law that we

4

review de novo.  See United States v. Rivera, 77 F.3d 1348, 1350 (11th Cir. 1996).

Strickland submits that the single course of conduct could not support multiple counts under section 924(c).  He is correct, however, he was not charged with multiple violations of that section. Therefore, his reliance on cases such as United States v. Parra, 2 F.3d 1058 (10th Cir. 1993), is misplaced.  In Parra, the defendant successfully challenged multiple convictions under section 924(c) based on separate firearms used during a single course of conduct as prohibited by the Double Jeopardy Clause.  See id. at 1070-71.  Aside from the question of whether this Circuit would decide Parra in the same manner, the case is factually inapposite on its facts. Strickland has only been charged with one violation of section 924(c), and there is no case law that prohibits a single course of conduct from serving as the  basis for both a predicate offense and its enhancement.  "Where the language Congress chose to express its intent is clear and unambiguous, that is as far as we go to ascertain its intent because we must presume that Congress said what it meant and meant what it said." United States v. Steele, 147 F.3d 1316, 1318 (11th Cir. 1998) (en banc).

Section 924(c)(1) expressly provides that the punishments imposed for "use of a deadly or dangerous weapon or device" shall be "in addition to the punishment provided for [the predicate] crime of violence."  Where a legislature specifically

mandates cumulative punishments under two statutes, regardless of whether those two statutes proscribe the same course of conduct, the trial court must impose cumulative punishment. See United States v. Cespedes, 151 F.3d 1329, 1333 (11th Cir. 1998) (stating that the sentence under section 924(c) must be served consecutively with the sentences imposed for defendant's other offenses).

Other circuits concur in this result and have imposed consecutive sentences for section 924(c) violations where the predicate offense involved the same prohibited firearm or destructive device. See United States v. Collins, 109 F.3d 1413, 1420 (9th Cir. 1997) (holding that where the legislature specifically authorizes cumulative punishments under two statutes, the trial court may impose such punishment regardless of whether those two statutes proscribe the same conduct); United States v. Holdridge, 30 F.3d 134, *1 (6th Cir. 1994) (unpublished table decision) (same); United States v. Swapp, 934 F.2d 326, *15-*16 (10th Cir. 1990) (unpublished table decision) (holding that the imposition of consecutive sentences for section 924(c) violations are mandatory, and, therefore, the lower court committed reversible error by imposing concurrent sentences). Although it may seem an unintended consequence of the statutory scheme to enhance a penalty for using explosives based on a predicate crime involving those same explosives, the language is clear; thus, this Court's statutory interpretation inquiry is at an end.

6

Consecutive sentences for convictions under sections 924(c) and 844(d) based on the same course of conduct involving the proscribed explosives do not violate the Double Jeopardy Clause.

For the foregoing reasons, the convictions and sentences imposed by the district court on Counts Two, Three, and Five are AFFIRMED. Count Four is VACATED as it failed to state an offense. On receipt of our mandate, the district court shall DISMISS Count Four.

SO ORDERED.