**Stacy CARTER Petitioner–Appellant,**

v.

**Harold E. CARTER Respondent–Appellee.**

**No. 01–3649.**

United States Court of Appeals, Sixth Circuit.

Feb. 14, 2003.

Before NELSON and CLAY, Circuit Judges; and HAYNES, District Judge.*

CLAY, Circuit Judge.

Petitioner Stacy Carter appeals from an order denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2244(d). These habeas proceedings follow Carter's Ohio jury trial, conviction and sentence for three counts of felonious as-

sault in violation of R.C. § 2903.11(A)(2) and one count of aggravated murder in violation of R.C. § 2903.01(A). Carter received a life sentence with the possibility of parole in seventy-six years. Respondent Harold E. Carter is Warden of the Lebanon Correctional Institution in Lebanon, Ohio.

We **AFFIRM**.

## BACKGROUND

On August 10, 1996, after Tony Reynolds and Stacy Carter's brother, Damon Carter, participated in a heated argument, Reynolds fled the scene and traveled to his mother's home, where he discussed with various friends and family members what to do. Reynolds and several others took three cars and headed out to locate Damon Carter. Reynolds himself drove a red Buick. Damon Carter drove a green Chevrolet Lumina with Stacy Carter riding in the back seat on the passenger's side. A third brother, Michael Carter, also rode in the Lumina.

A ten-minute chase ensued in which the Lumina followed the Buick through downtown Toledo, Ohio. During the course of their pursuit, Stacy Carter fired shots at the Buick and at another vehicle in Reynolds' party driven by Tony Durhart. The red Buick eventually slid into a concrete abutment, and the Lumina drove in front of it to prevent the car from leaving. When Reynolds abandoned his vehicle, Stacy Carter shot him in the head.

On September 16, 1996, a Lucas County, Ohio grand jury indicted Stacy Carter along with Damon and Michael Carter. Stacy Carter was included on all five counts of the indictment, including four

---

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

counts of felonious assault in violation of R.C. § 2903.11(A)(2) and one count of aggravated murder in violation of R.C. § 2903.01(A).

Each count included two separate specifications. The first, a Firearm Specification under R.C. § 2941.145 charged that Stacy Carter displayed, brandished, indicated possession or used a firearm. The second, Using a Firearm from a Motor Vehicle Specification under R.C. § 2941.146, charged that Stacy Carter caused or attempted to cause harm or death by using a firearm from a motor vehicle.

On April 11, 1997, after a jury convicted him of aggravated murder and three of the four counts of felonious assault, Stacy Carter received an eight-year sentence on each count of felonious assault with multiple three-year terms for the Firearm Specification and multiple five-year terms for the Motor Vehicle Specification. Stacy Carter also received a life sentence with parole eligibility after twenty years for the aggravated murder, along with two additional penalties of three and five years for the specifications associated with the murder. The court ordered Stacy Carter to serve his sentences consecutively.

After exhausting all possible avenues of state post-conviction relief, Stacy Carter filed a *pro se* petition for habeas relief on September 6, 2000. Stacy Carter's current counsel filed an appearance on September 22, 2000. On April 18, 2001, the district court denied Stacy Carter's petition and declined to grant a certificate of appealability. On April 27, 2001, Stacy Carter filed a Motion for a New Trial or to Alter and Amend Judgment. The district court denied that motion on May 15, 2001.

Stacy Carter filed a Notice of Appeal on June 11, 2001. We issued an order deeming Stacy Carter's Notice of Appeal to be an application for a certificate of appealability. We then certified the issue of whether the multiple sentences imposed for the firearms specifications violated the Double Jeopardy Clause.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 (1996), governs federal habeas review of state court decisions. Under AEDPA, with respect to legal questions, we must determine whether the Ohio Supreme Court unreasonably applied federal law as interpreted by the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 407–08, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). We will not grant relief if we conclude that the Ohio courts applied federal law erroneously or incorrectly; rather, the Ohio courts must have applied federal law in an objectively unreasonable manner. *Id.* at 409. In *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir.1998), we recognized that AEDPA intended to place "reasonable state court judgments beyond the scope of federal review." AEDPA does not empower a federal court to grant habeas relief "merely because it disagrees with the state court's decision or because, left to its own devices, it would have reached a different result." *Nevers v. Killinger*, 169 F.3d 352, 361 (6th Cir.1999) (quoting *O'Brien v. Dubois*, 145 F.3d 16, 25 n. 10 (1st Cir.1998)).

The Ohio judiciary reasonably concluded that the multiple sentences imposed for the firearms specifications did not violate the Double Jeopardy Clause. " 'The Fifth Amendment prohibition against double jeopardy protects against three harms: second prosecution for an offense after initial acquittal, second prosecution for an offense after an initial conviction, and multiple punishments for the same offense.' "

*United States v. Davis*, 306 F.3d 398, 417 (6th Cir.2002) (quoting *United States v. Gibbons*, 994 F.2d 299, 301 (6th Cir.1993) (citation omitted)); *see also North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) (listing the same three protections).

When two different statutory provisions authorize separate, cumulative punishments for the same act, this Court begins by determining "whether the legislature intended to punish cumulatively the same conduct which violates two statutes." *United States v. Johnson*, 22 F.3d 106, 107–08 (6th Cir.1994); *see also Jeffers v. United States*, 432 U.S. 137, 155, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977) (explaining that the first step in this type of double-jeopardy analysis is to determine "whether Congress intended to punish each statutory violation separately"); *Pandelli v. United States*, 635 F.2d 533, 536 (6th Cir.1980)(quoting *Jeffers*, 432 U.S. at 155).

This Court next applies the formula enunciated in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). In *Blockburger*, the Supreme Court announced the following test for determining whether two convictions are barred by the Double Jeopardy Clause: "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not." 284 U.S. at 304.

This Court does not use the *Blockburger* test, however, where the legislature intended to impose multiple punishments for the same offense. *Missouri v. Hunter*, 459 U.S. 359, 368–69, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983) ("Where, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' conduct under *Blockburger*, a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial."); *Albernaz v. United States*, 450 U.S. 333, 340, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981) (explaining that the *Blockburger* analysis is controlling only where there is no indication of contrary legislative intent); *Whalen v. United States*, 445 U.S. 684, 688, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980) ("[T]he question whether punishments imposed by a court after a defendant's conviction upon criminal charges are unconstitutionally multiple cannot be resolved without determining what punishments the Legislative Branch has authorized."); *Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977) ("Where consecutive sentences are imposed at a single criminal trial, the role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense.").

Thus, "[t]he Court reaches the *Blockburger* test only when those prior techniques of construction have failed to resolve the question of whether the legislature intends to allow cumulative punishments for violations of two statutes." *Pandelli*, 635 F.2d at 536; *see also United States v. Cantrell*, 278 F.3d 543, 547–48 (6th Cir.2001); *United States v. Hebeka*, 89 F.3d 279, 282 (6th Cir.1996).

*Blockburger* is inapplicable here because the legislative intent is obvious. Stacy Carter argues that the Ohio courts erred by not reversing the trial court's decision to impose separate consecutive sentences for the two firearm-related specifications. As it appeared when Stacy Carter received his sentence, R.C. § 2929.14(D)(1)(a)(i) stated, in pertinent part:

> if an offender who is convicted of or pleads guilty to a felony also is convicted

of or pleads guilty to a specification of the type described in section 2941.144 [2941.14.4] of the Revised Code that charges the offender with having a firearm that is an automatic firearm or that was equipped with a firearm muffler or silencer on or about the offender's person or under the offender's control while committing the felony, a specification of the type described in section 2941.145 [2941.14.5] of the Revised Code that charges the offender with having a firearm, brandishing the firearm, indicating that the offender possessed the firearm, or using it to facilitate the offense, or a specification of the type described in section 2941.141 [2941.14.1] of the Revised Code that charges the offender with having a firearm on or about the offender's person or under the offender's control while committing the felony, the court, after imposing a prison term on the offender for the felony under division (A), (D)(2), or (D)(3) of this section, shall impose an additional prison term, determined pursuant to this section.... If the specification is of the type described in section 2941.145 [2941.14.5] of the Revised Code, the additional prison term shall be three years.... A court shall not impose more than one additional prison term on an offender under this division for felonies committed as part of the same act or transaction. *If a court imposes an additional prison term under division (D)(1)(a)(ii) of this section, the court is not precluded from imposing an additional prison term under this division.* (emphasis added.) R.C. § 2929.14(D)(1)(a)(ii) read, in pertinent part:

if an offender who is convicted of or pleads guilty to a ... felony that includes, as an essential element, purposely or knowingly causing or attempting to cause the death of or physical harm to another, also is convicted of or pleads guilty to a specification of the type described in section 2941.146 [2941.14.6] of the Revised Code that charges the offender with committing the offense by discharging a firearm from a motor vehicle ... the court, after imposing a prison term on the offender for ... the other felony offense under division (A), D(2), or D(3) of this section, shall impose an additional prison term of five years upon the offender.... A court shall not impose more than one additional prison term on an offender under this division for felonies committed as part of the same act or transaction. *If a court imposes an additional prison term on an offender under this division relative to an offense, the court shall impose an additional prison term under division (D)(1)(a)(i) of this section relative to the same offense,* provided the criteria specified in that division are satisfied relative to the offender and the offense.

(emphasis added). Thus, if an Ohio court imposes a motor vehicle specification, it must impose one of the additional specifications listed in R.C. 2929.14(D)(1)(a)(i).[2]

The Ohio statutes thus indicate clear legislative intent to *require* Ohio courts to impose cumulative penalties for different specifications. R.C. § 2929.14(D)(1)(a)(ii) expressly states that "[i]f a court imposes an additional prison term on an offender under [the motor vehicle specification] the court also shall impose a prison term under division (D)(1)(a)(i)." R.C.

---

**2.** This matches the interpretation of these provisions offered by the Ohio Court of Appeals. *See State v. Stacy Carter,* Nos. L–97–1162, L–97–1163, L–97–1169, 1999 Ohio.App. LEXIS 2261, *41–46, 1999 WL 316855 (6th Cir. May 21, 1999). Federal courts accept as valid a state court's interpretation of state law. *Duffel v. Dutton,* 785 F.2d 131, 133 (6th Cir. 1986).

§ 2929.14(D)(1)(a)(i) includes the specification Stacy Carter received for brandishing a weapon. When Stacy Carter received his sentence, R.C. § 2941.145 provided for an additional penalty when "the offender had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense." As mandated by Ohio law, the trial court used R.C. § 2941.146 to impose an additional penalty for "purposely or knowingly causing or attempting to cause the death of or physical harm to another and that was committed by discharging a firearm from a motor vehicle." If the "legislature specifically authorizes cumulative punishment under two statutes ... a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial." *Missouri v. Hunter*, 459 U.S. 359, 368–69, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983); *see also Simpson v. United States*, 435 U.S. 6, 11, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978) (concluding in a case involving multiple punishments that the Court "need not reach the [*Blockburger*] issue.").[3]

## CONCLUSION

Since legislative intent is clear, we **AFFIRM**.

---

3. Even assuming *Blockburger* did apply, it would not help Stacy Carter. Under *Blockburger*, penalties imposed under two separate statutes do not constitute double jeopardy if "each provision requires proof of an additional fact which the other does not." 284 U.S. at 304. Here, the first specification, § 2941.145, requires that the government prove the offender somehow brandished or displayed her weapon so as to let the victim know she had a gun. The second specification, § 2941.146, has no such requirement. The second specification, in turn, requires the government to prove the defendant discharged his firearm from a motor vehicle. The first specification has no similar prerequisite.