SUMMARY ORDER
Defendant-Appellant Corbin Douglas, Sr., appeals from his conviction and sentence pursuant to a judgment of the United States District Court for the Northern District of New York (McAvoy, J.) entered on January 28, 2008. Douglas was convicted of eight drug-related offenses in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 844(a), and 859(a), for which he was given a Guidelines sentence of 360 months’ imprisonment. On appeal, Douglas raises various challenges to both his conviction and sentence. We assume the parties’ familiarity with the underlying facts, procedural history, and specification of the issues on appeal.
While none of Douglas’s challenges suffices to cast doubt upon the judgment of the district court, his allegations of discovery violations by the Government warrant special comment. With respect to the Government’s failure to disclose the tape of Douglas’s telephone conversation with his mother, we disagree with the Government’s position that because the tape was offered only to impeach Douglas’s mother after she gave allegedly unanticipated testimony, it was not and could not have been “relevant” within the meaning of Federal Rule of Criminal Procedure 16(a)(1)(B). See United States v. Thomas, 239 F.3d 163, 167 (2d Cir.2001) (noting that the prosecution’s decision not to use a defendant’s statements in its case-in-chief was “immaterial” to whether those statements fell under Rule 16); see also United States v. Matthews, 20 F.3d 538, 549-50 (2d Cir. 1994). “Relevance, within the meaning of this provision, is to be interpreted broadly in deference to the policy judgment that ‘disclosure, rather than suppression, of relevant materials ordinarily promotes the proper administration of criminal justice.’ ” United States v. Stevens, 985 F.2d 1175, 1180 (2d Cir.1993) (quoting Dennis v. United States, 384 U.S. 855, 870, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966)). Given the Government’s unduly narrow understanding of its Rule 16 disclosure obligations, it apparently bears repeating that Rule 16 “gives a defendant virtually an absolute right to his own statements.” Id. (internal quotation marks omitted); see also Thomas, 239 F.3d at 166-67. Having said this, we need not decide whether Douglas’s recorded statements concerning his trial and the dates of Kallin Richards’s visit were relevant within the meaning of Rule 16(a)(l)(B)(i), because we agree with the district court that Douglas has not made the necessary showing of substantial prejudice, see, e.g., Stevens, 985 F.2d at 1181.
We reach a similar conclusion with respect to the Government’s failure to provide Douglas information concerning the testimony of Dr. Robert Middleberg. The Government (wisely) concedes that Rule 16(a)(1)(G) obligated it to give Douglas advance notice of Dr. Middleberg’s testimony, including the 2006 study on which Dr. Middleberg relied in positing that hydromorphone is a metabolite of morphine. See United States v. Cruz, 363 F.3d 187, 196 n. 2 (2d Cir.2004). The district court, however, averted the possibility of a due process violation by giving defense counsel additional time to review the 2006 study and to prepare for the cross-examination of Dr. Middleberg. See United States v. *14 Tin Yat Chin, 476 F.3d 144, 146 (2d Cir.2007). Defense counsel did not request any more time beyond what was given; nor has Douglas adequately explained on appeal how he was substantially prejudiced despite the district court’s efforts to rectify any possible disadvantage. See id. Therefore, the district court properly refused to disturb the jury’s verdict based on the Government’s failure to turn over Rule 16 information related to Dr. Middleberg’s testimony.
This conclusion is not undermined by Douglas’s allegation that the district court abdicated its obligation under Daubert to determine whether Middleberg’s opinion was sufficiently reliable to be admitted. See Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993); see also Fed.R.Evid. 702. Douglas does not suggest that defense counsel ever requested a Daubert hearing, nor has Douglas demonstrated how Dr. Middleberg’s expert opinion was so unreliable as to be inadmissible under Daubert. Therefore, we can perceive no abuse of discretion in the district court’s decision to admit Dr. Middleberg’s testimony.
We also reject Douglas’s argument that, due to his earlier trial and acquittal in state court, the present federal trial and conviction on similar charges violated the Double Jeopardy Clause and principles of collateral estoppel. Pursuant to the “dual sovereign” doctrine, neither double jeopardy nor collateral estoppel precluded the federal government from bringing charges based on the same events that inspired the state law charges for which Douglas was previously tried and acquitted. See, e.g., Heath v. Alabama, 474 U.S. 82, 88-89, 106 S.Ct. 433, 88 L.Ed.2d 387 (1985); United States v. Lanza, 260 U.S. 377, 382, 43 S.Ct. 141, 67 L.Ed. 314 (1922); United States v. Peterson, 100 F.3d 7, 12 (2d Cir.1996). We are unpersuaded by Douglas’s attempt to bring his federal prosecution within the narrow dual-sovereign exception for circumstances in which “one sovereign effectively controls] the other.” Peterson, 100 F.3d at 12; see also Bartkus v. Illinois, 359 U.S. 121, 123-24, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959).
Nor are we persuaded by Douglas’s contention that a new trial or judgment of acquittal is warranted under United States v. Giovanelli, 945 F.2d 479 (2d Cir.1991), due to the district court’s decision to require witnesses to use the term “prior proceeding” when referring to Douglas’s state trial. As an initial matter, by permitting witnesses to refer to dates and other particular aspects of the state proceedings, the district court in the present case avoided the Giovanelli trial court’s unduly restrictive approach, which made it “at times impossible to focus a witness’ attention on a specific prior ... statement.” Id. at 488. More important, however, is the fact that halfway through the trial the district court expressed its willingness, at Douglas’s request, to instruct the jury concerning the prior state trial and the dual sovereign doctrine, instructions comparable to those that this Court suggested in Giovanelli. See id. at 489. Because Douglas expressly declined this offer, he cannot now complain that such an instruction was not given. Cf. Greer v. Miller, 483 U.S. 756, 766 n. 8, 107 S.Ct. 3102, 97 L.Ed.2d 618 (1987). Douglas indicates that the instruction offer came too late to avoid substantial prejudice to his defense, but he fails to provide any specifics as to how he was irretrievably disadvantaged. Upon review, we conclude that any error in the district court’s approach was harmless and, therefore, does not in any way draw Douglas’s conviction into doubt.
*15 Douglas also contends that he was denied effective assistance of counsel during the trial. “[I]n most cases a motion brought under [28 U.S.C.] § 2255 is preferable to direct appeal for deciding claims of ineffective assistance,” because on direct appeal “appellate counsel and the court must proceed on a trial record [that was] not developed precisely for the object of litigating or preserving the claim and thus [is] often incomplete or inadequate for this purpose.” Massaro v. United States, 538 U.S. 500, 504-05, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); accord United States v. Gaskin, 364 F.3d 438, 467-68 (2d Cir.2004). Here, we are not presented with a claim in which “the record is fully developed and resolution is beyond doubt.” United States v. Lee, 549 F.3d 84, 95-96 (2d Cir.2008). We therefore decline to review Douglas’s ineffective assistance claim at this point, leaving Douglas the option of raising the issue as part of a future petition for writ of habeas corpus pursuant to § 2255. See United States v. Morris, 350 F.3d 32, 39 (2d Cir.2003).
The rest of Douglas’s challenges to his conviction were ably addressed by the district court, and we affirm its determination that these arguments failed to justify a new trial or judgment of acquittal. More specifically, we agree with the district court’s ruling from the bench that the charges against Douglas were properly joined under Federal Rule of Criminal Procedure 8(a) because they are “of the same or similar character” due to the “general likeness” of the various drug-related charges against Douglas and the substantial overlap of evidence used to prove these charges. See United States v. Rivera, 546 F.3d 245, 253-54 (2d Cir.2008); United States v. Blakney, 941 F.2d 114, 116 (2d Cir.1991); United States v. Werner, 620 F.2d 922, 926-27 (2d Cir.1980). Substantially for the reasons given in the district court’s July ■ 11, 2007 order, we further conclude that the district court did not abuse its discretion in denying Douglas’s motion to sever the charges related to the death of Douglas’s son (Counts 4-6) from the other charges against Douglas. See United States v. Douglas, No. 07-cr-68, 2007 WL 2027837, at *6-*10 (N.D.N.Y. July 11, 2007).
Assuming, arguendo, that Douglas preserved on appeal his contention that the district court erred in denying his motion to suppress the statements he gave to police at the hospital,[1] we affirm the denial of Douglas’s motion for the reasons that the district court gave in its July 11 order. See id. at *3-*6. To the extent that Douglas argues in his reply brief that statements he gave on other occasions should have been suppressed, we note that the district court did not consider the admissibility of these other statements because the Government advised the court that it was not seeking to introduce them in its case-in-chief. See id. at *3. Douglas neither asserts nor cites record evidence demonstrating that any of these statements were, in fact, admitted during trial.[2] *16 Therefore, we need not address Douglas’s argument for suppression of these statements.
In addition, for substantially the reasons given by the district court in its October 24, 2007 decision, we reject Douglas’s attack on the sufficiency of the evidence supporting each of the eight charges for which he was ultimately convicted. See United States v. Douglas, No. 07-er-68, 2007 WL 3124858, at *2-*5 (N.D.N.Y. Oct.24, 2007). As for Douglas’s contention that various summation remarks by the Government constituted prosecutorial misconduct, we agree with the district court that, to the extent that any of these remarks were improper (and some were), they did not result in the kind of substantial prejudice necessary to justify a new trial or reversal of Douglas’s convictions. See id. at *9-*12. One particular comment that the district court did not consider but that Douglas targets on appeal warrants discussion: the prosecutor’s assertion, made without objection, that Dr. Middleberg told the jury that the presence of a substance associated with heroin in Douglas’s son’s hair “tells [Middleberg] that that substance was administered at least a week up to two months prior to the baby’s death.” Joint App. 1424-25. The prosecution, however, accurately stated Dr. Middleberg’s estimation of the window of time during which the drug exposure probably occurred, and even assuming that use of the word “administered” rather than “exposed” constituted error (and that the error was plain), Douglas has failed to demonstrate that this word choice was so prejudicial as to affect his substantial rights. See, e.g., United States v. Dominguez Benitez, 542 U.S. 74, 81-83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004). We therefore reject Douglas’s challenge to his conviction based on this portion of the prosecutor’s summation.
Douglas raises no other arguments that would justify reconsideration of his conviction. We therefore affirm the district court’s judgment of conviction against Douglas.
Turning to Douglas’s appeal of his 360-month sentence, we conclude that Douglas has not demonstrated that this sentence was unreasonable. Douglas gives this Court no reason to question the procedural reasonableness of his sentence. As for substantive reasonableness, we believe that Douglas’s sentence — which was at the bottom of the Guidelines range — “fall[s] comfortably within the broad range of sentences that would be reasonable in the particular circumstances.” United States v. Fernandez, 443 F.3d 19, 27 (2d Cir.2006); accord United States v. Eberhard, 525 F.3d 175, 179 (2d Cir.2008). We therefore affirm the 360-month sentence imposed by the district court.
All arguments not otherwise discussed in this summary order are found to be moot or without merit.
For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

. Our decision to dispense with the suppression arguments on the merits should not detract from our dismay at the inadequate presentment of these arguments on appeal. "Merely incorporating an argument made to the district court does not preserve a question for appellate review.” Frank v. United States, 78 F.3d 815, 833 (2d Cir.1996), vacated on other grounds, 521 U.S. 1114, 117 S.Ct. 2501, 138 L.Ed.2d 1007 (1997) (mem.); accord Dangler v. N.Y. City Off Track Betting Corp., 193 F.3d 130, 143 (2d Cir.1999); see also Fed. R.App. P. 28(a)(9)(A). Principles of forfeiture are no less applicable to criminal cases. See, e.g., United States v. Rosa, 507 F.3d 142, 154 n. 11 (2d Cir.2007).

. Douglas briefly mentions a comment, admitted into evidence, that a state trooper overheard Douglas making to his wife at the *16 hospital. But Douglas does not articulate— and we do not infer — any reason for suppressing that particular comment.