RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 20a0372p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

UNITED STATES OF AMERICA,

                        *Plaintiff-Appellee*,

    *v.*

KENNETH DEWAYNE WILLIS,

                        *Defendant-Appellant*.

No. 20-5229

───────────────

Appeal from the United States District Court
for the Western District of Kentucky at Louisville.
No. 3:19-cr-00086-1—David J. Hale, District Judge.

Decided and Filed:  December 1, 2020

Before:  MOORE, GILMAN, and GRIFFIN, Circuit Judges.

───────────────

## COUNSEL

───────────────

**ON BRIEF:**  Frank W. Heft, Jr., Chastity R. Beyl, OFFICE OF THE FEDERAL DEFENDER, Louisville, Kentucky, for Appellant.  Terry M. Cushing, UNITED STATES ATTORNEY'S OFFICE, Louisville, Kentucky, for Appellee.

───────────────

## OPINION

───────────────

RONALD LEE GILMAN, Circuit Judge.  Kenneth Dewayne Willis has been charged with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  He seeks to dismiss the indictment on the grounds that the current federal prosecution constitutes double jeopardy and violates the collateral-estoppel doctrine because Willis has already been prosecuted in state court based on the same underlying conduct.  The district court denied

Willis's motion to dismiss.  For the reasons set forth below, we **DISMISS** Willis's appeal for lack of appellate jurisdiction.

## I. BACKGROUND

In July 2016, the Commonwealth of Kentucky charged Willis in state court with murder, possession of a handgun by a convicted felon, and first-degree possession of a controlled substance.  The gun charge was severed from the other two charges prior to trial, with the trial beginning in February 2019.  At trial, a directed verdict in Willis's favor was granted on the drug charge.  Willis was also acquitted by a jury on the murder charge, but he was convicted of the lesser offense of reckless homicide.  He was sentenced to five years of imprisonment in April 2019.

The United States indicted Willis in federal court on the current charge of being a felon in possession of a firearm the following month.  The Commonwealth dismissed the state gun charge shortly thereafter.  Willis subsequently filed a motion to dismiss for prosecutorial vindictiveness, which the district court denied.  He then filed a motion to dismiss based on double jeopardy.  The district court denied that motion as well, holding that neither double jeopardy nor collateral estoppel applies when two sovereigns—here, the United States and Kentucky—prosecute a defendant based on the same underlying conduct.  Furthermore, the district court concluded that Willis had not demonstrated that he was the victim of a "sham prosecution," an exception to the dual-sovereignty doctrine.  This interlocutory appeal followed.

## II. ANALYSIS

### A.    Jurisdiction

Generally, our jurisdiction is limited to appeals from final judgments.  28 U.S.C. § 1291. An order denying dismissal on double-jeopardy grounds lacks finality, but is appealable under the collateral-order doctrine provided that the claim is "colorable." *Richardson v. United States*, 468 U.S. 317, 322 (1984) ("[W]e have indicated that the appealability of a double jeopardy claim depends upon its being at least 'colorable.'") (quoting *United States v. MacDonald*, 435 U.S. 850, 862 (1978)); *see also United States v. Pi*, 174 F.3d 745, 748 (6th Cir. 1999) ("[W]e must

exercise jurisdiction to the extent necessary to determine whether or not defendants' double jeopardy claim is colorable."). A colorable claim, the Supreme Court has observed, "presupposes that there is some possible validity to a claim." *Richardson*, 468 U.S. at 326 n.6.

**B.       Willis's double-jeopardy claim is not colorable**

### 1.       *Willis was charged with different crimes*

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution guarantees that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. This Clause, however, does not protect individuals from being twice prosecuted "for the same conduct or actions," but instead from being twice prosecuted "for the same offence." *Gamble v. United States*, 139 S. Ct. 1960, 1965 (2019) (internal citation and quotation marks omitted). Because the Clause's focus is on the statutory offenses for which a defendant is prosecuted, the "general test for compliance with the double jeopardy clause looks to 'whether each [statute] requires proof of a fact which the other does not.'" *United States v. Gibbons*, 994 F.2d 299, 301 (6th Cir. 1993) (quoting *Blockburger v. United States*, 284 U.S. 299, 304 (1932)).

In this case, Willis contends that the current federal prosecution charging him with being a felon in possession of a handgun violates the double-jeopardy principle because he was previously convicted in state court of committing reckless homicide with the same handgun. The crime of being a felon in possession of a handgun, however, requires proof of different facts from those required for the crime of reckless homicide. Under federal law, the crime of possessing a gun after a felony conviction has the following elements:

> (1) the defendant was a felon; (2) the defendant knew he was a felon (from *Rehaif*); (3) the defendant knowingly possessed a firearm; and (4) that the firearm had traveled through interstate commerce.

*United States v. Ward*, 957 F.3d 691, 696 (6th Cir. 2020) (citing *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019)). The crime of reckless homicide, under Kentucky law, contains none of these elements. "A person is guilty of reckless homicide [in Kentucky] when, with recklessness

he causes the death of another person." Ky. Rev. Stat. Ann. § 507.050(1). Because these two crimes contain different elements, Willis's double-jeopardy claim is not colorable.

### 2.    *Willis was prosecuted by different sovereigns*

And even if Willis had been convicted of the same crime in state court as the crime charged in his federal indictment, his appeal would still fail. Pursuant to the dual-sovereignty doctrine, a "State may prosecute a defendant under state law even if the Federal Government has prosecuted him for the same conduct under a federal statute." *Gamble*, 139 S. Ct. at 1964. "Or the reverse may happen, as it did [in *Gamble*]" and as it did here. *Id.* Willis's response is to focus on the dissent in *Gamble* as having the better argument. But *Gamble* remains the controlling law and we will "appl[y] [this] precedent without qualm or quibble." *Id.* at 1967.

Willis's collateral-estoppel claim fails for the same reason. The Constitution's protection against double jeopardy embodies the principle of collateral estoppel, which provides "that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 443 (1970). In this case, however, Willis's state and federal prosecutions involve different parties. Because two sovereigns are permitted to prosecute Willis for the same offense, *Gamble*, 139 S. Ct. at 1964, "it would be anomalous indeed" if the United States were denied the "lesser power of proving the underlying facts of such offenses." *United States v. Tirrell*, 120 F.3d 670, 676 (7th Cir. 1997); *see also United States v. Kummer*, 15 F.3d 1455, 1461 (8th Cir. 1994) ("The collateral estoppel and res judicata doctrines do not apply when different sovereigns and, thus, different parties are involved in criminal litigation.") (internal citations omitted); *United States v. Douglas*, 336 F. App'x 11, 14 (2d Cir. 2009) ("Pursuant to the 'dual sovereign' doctrine, neither double jeopardy nor collateral estoppel precluded the federal government from bringing charges based on the same events that inspired the state law charges for which Douglas was previously tried and acquitted.") (citing *Heath v. Alabama*, 474 U.S. 82, 88–89 (1985)).

### 3.      The "sham-prosecution" exception does not apply

Willis, however, invokes the "sham prosecution" exception to the dual-sovereignty doctrine.  The Supreme Court suggested this exception to the dual-sovereign doctrine when it noted in dicta that

> [the record] does not support the claim that the State of Illinois in bringing its prosecution was merely a tool of the federal authorities, who thereby avoided the prohibition of the Fifth Amendment against a retrial of a federal prosecution after an acquittal.  It does not sustain a conclusion that the state prosecution was a sham and a cover for a federal prosecution, and thereby in essential fact another federal prosecution.

*Bartkus v. Illinois*, 359 U.S. 121, 123–24 (1959).  We have recognized that "the *Bartkus* sham-prosecution exception is a narrow one and, so far as this circuit is concerned, it is an exception that has yet to affect the outcome of a single case."  *United States v. Djoumessi*, 538 F.3d 547, 550 (6th Cir. 2008).

Willis falls far short of meeting this narrow exception.  He has not made the "startling showing" that the "Federal Government was 'merely a tool' of the State of [Kentucky] in undertaking this prosecution, somehow ceding its sovereign authority to prosecute and acting only because the State told it to do so." *Id.* (quoting *Bartkus*, 359 U.S. at 123).  Although Willis asserts that the "federal prosecution is a reaction to the favorable verdict he received in state court", he offers no evidence to support such speculation.  Nor does Willis offer any evidence tending to show that the federal prosecution was a tool of, or a cover for, the Commonwealth's prosecution.

Moreover, Willis's argument falls well outside the scope of the sham-prosecution exception.  The exception addresses the concern that one sovereign might "sidestep the constraints of the Double Jeopardy Clause through a 'sham' prosecution by an ostensibly different sovereign."  *Djoumessi*, 538 F.3d at 550.  In this case, however, there were no constraints for the Commonwealth to sidestep.  The state trial court severed the handgun charge before trial, leaving the Commonwealth free to pursue that charge after the trial concluded.  Because the Double Jeopardy Clause did not bar the Commonwealth's later prosecution of the

handgun charge, any contention that the federal prosecution was "merely a tool" of the State, allowing the State to circumvent the strictures against double jeopardy, is without merit.

### III.  CONCLUSION

For all of the reasons set forth above, we **DISMISS** Willis's appeal for lack of appellate jurisdiction.